**HELVERING, Commissioner of Internal Revenue, v. MEREDITH.**

**Nos. 12741, 12742.**

Circuit Court of Appeals, Eighth Circuit.

March 11, 1944.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

No appearance for respondent.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

PER CURIAM.

These are appeals by the Commissioner of Internal Revenue from decisions of the Tax Court of the United States.

On January 25, 1936, the Prudential Life Insurance Company of America issued to Mrs. Edna E. Meredith two single payment life contracts and one non-participating life annuity contract. The annuity contract provides for the payment each year during life of an annuity of $1,358.16 in consideration of a purchase price of $19,358. The life contracts issued on the life of the taxpayer as insured are identical except as to amounts. One of them provides for the payment of $40,000 to named beneficiaries upon the death of the insured and the other of $10,000. The single pre-

---

mium paid for the first on delivery of the policy was $28,513.60 and for the second $7,128.40. The total cost of the three contracts was $55,000. The life contracts provided that any proportion of the divisible surplus accruing thereon shall be ascertained annually and apportioned to the policies as dividends. The payments involved in this controversy consist of the annuity and the dividends on the life contracts paid in each of the taxable years to the taxpayer.

No reference is made in the annuity contract to the life contracts, and no reference is made in the life contracts to the annuity contract.

The Commissioner determined deficiencies in income tax of Mrs. Meredith for the years 1938, 1939, and 1940 in the respective amounts of $229.32, $1,114.38 and $816.47. The Commissioner included as taxable income the payments received by Mrs. Meredith in each of the taxable years under the three contracts. The Tax Court held that only $580.74 of such payments should have been included.

The Commissioner's contention is that the taxpayer made a single investment of $55,000 in the purchase price of the three contracts, and that the income from all of them is income from a single transaction; that the situation is the same as it might be if the parties had executed a single contract combining all the provisions of the three separate agreements. The Tax Court found that the transaction may not be so considered; that the annuity contract must be recognized for what it is and that the annual sum payable thereunder is taxable under § 22(b) (2) of the Revenue Act of 1938 and 26 U.S.C.A. Internal Revenue Code, § 22(b) (2), which limits the taxable income to three per cent of the total consideration paid for the annuity; and that the amounts received under the insurance contracts are not taxable until they exceed the aggregate premiums paid. Regulations 103, section 19.22(b) (2)—1. It is conceded that if the finding of the Tax Court that the transaction is plural and the contracts separate is correct its decision must stand.

■■■ In the recent case of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 247, the Supreme Court said: "Whatever latitude exists in * * * treating a series of transactions as one for tax purposes, or treating apparently separate ones as single

in their tax consequences, exists in the Tax Court and not in the regular courts; when the court cannot separate the elements of a decision so as to identify a clear-cut mistake of law, the decision of the Tax Court must stand." This language aptly fits the present case. While the three contracts are between the same parties and were executed on the same day they are "apparently separate ones"; and we are unable to "separate the elements" of the decision "so as to identify a clear-cut mistake of law."

The arguments of the Commissioner are persuasive and the decisions of the Courts of Appeals cited by him bear close analogy to the present case, but such decisions antedate the decision of the Supreme Court in the Dobson case, supra, and it would be useless, therefore, to review them.

The decisions of the Tax Court are affirmed.