## MacARTHUR v. COMMISSIONER OF INTERNAL REVENUE.
### No. 13649.

Circuit Court of Appeals, Eighth Circuit.
June 11, 1948.

James S. Delehanty, of St. Paul, Minn. (Dennis D. Daly and James McCollister, both of St. Paul, Minn., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Sewall Key and Harry Baum, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This petition to review a decision of The Tax Court (reported at 8 T.C. 279) involves a deficiency in income tax liability for the year 1941.

The income to be considered consists of payments received during the taxable year from two single premium annuity contracts. Not all of such income is taxable. The part subject to tax is determinable under § 22(b) (2) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(b) (2).[1] This section provides, so far as applicable here, that an amount of such payments received equal to "3 per centum of the aggregate premiums or consideration paid for such annuity" shall be included in gross income and that the excess of such payments over such an amount shall be excluded therefrom.

The question in this case is: What was the amount of the "aggregate premiums or consideration paid for" the two annuity contracts which produced the payments received by the taxpayer? To understand the controversy in regard to the answer to this question a brief statement of the facts is necessary.

On December 24, 1936, petitioner and her mother, Ila M. Stewart, purchased a contract, termed a Joint and Survivor Annuity, from the The Mutual Life Insurance Company of New York for a single premium of $25,000, each contributing one-half, or $12,500, to the purchase price. At that time the mother and daughter were 58 and 32 years of age respectively. The policy, or contract, provided for monthly payments of $84.58 to Ila M. Stewart during her life and thereafter to petitioner while she lived.

On May 18, 1937, petitioner and her mother purchased another contract termed a Last Survivor Life Annuity Contract from The Prudential Insurance Company of America for a single premium of $25,000, each contributing $12,500 to the purchase price thereof. The ages of the annuitants at the date of this contract were calculated at 58¾ years and 33 years respectively. This contract provided for the payment of $85 a month to the mother during her lifetime, and, after her death, to the petitioner during the remainder of her lifetime, if she should survive her mother.

Both contracts provided that they constituted the entire contract between the parties.

---

[1] Section 22(b) (2):
"Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such year), until the aggregate amount excluded from gross income under this chapter or prior income tax laws in respect of such annuity equals the aggregate premiums or consideration paid for such annuity * * *".

Petitioner's mother, Ila M. Stewart, could have purchased, on December 24, 1936, from The Mutual Life Insurance Company of New York, a life annuity payable to her at the rate of $84.58 a month for $15,581.67. She could have purchased on May 18, 1937, from The Prudential Insurance Company of America, a life annuity payable to her at the rate of $85 a month for $15,376.50. Two such contracts could have been purchased by the mother, therefore, for $30,958.17.

Based on the American Annuitance Select Table with 3 per cent. interest and an expense allowance of 6½ per cent. of the gross premiums, assuming the age of the mother as 58½ and the age of the daughter as 32½, a deferred annuity that would pay the daughter $85 a month after the mother's death would cost $9,656.77. A life annuity for the mother, based on the same facts, would cost $15,466.77.

The taxpayer at the hearing before the Tax Court introduced evidence to show that on December 24, 1936, the date of the first policy, she could have purchased a survivorship annuity, not coupled with a life annuity, to commence payment after the death of her mother, at the rate of $84.58 a month, for the sum of $9,609.66; and that, on May 16, 1937, the date of the second contract, she could have purchased a survivorship annuity contract, not coupled with a life annuity contract, paying $85 a month, for the sum of $9,623.50. In other words, taxpayer could, on the dates the survivor annuity contracts were purchased, have purchased two deferred annuity contracts with like payments to commence upon the death of her mother for a total of $19,233.16.

In the Tax Court the petitioner contended, as she does in this court, that the 3 per centum to be reported as income by her should be based not upon $50,000 nor upon $19,233.16, but upon $19,041.83, the difference between $50,000 and $30,958.17.

The petitioner's mother, Ila M. Stewart, died on July 30, 1940.

In the year 1941 the petitioner received a total of $2,034.96 under the two annuity contracts of which she reported as taxable the sum of $1,236.85. The Commissioner determined that she should have included $1500, or 3 per centum of $50,000, the total amount paid for the two policies, thus increasing her net taxable income in the amount of $263.15.

The Tax Court affirmed the determination of the deficiency found by the Commissioner, holding (1) that each of the two annuity contracts purchased by the taxpayer and her mother was a single and indivisible contract for the purpose of applying § 22(b) (2) of the Internal Revenue Code, and (2) that the taxpayer failed to demonstrate, even upon her own theory, the allocation of each of the contracts purchased to the separate interests of herself and of her mother.

It is the taxpayer's contention that The Tax Court erred both in respect of the nature of the annuity contracts for the purpose of applying the statute and in respect of the sufficiency of her proof.

We are of the opinion that The Tax Court decided both issues correctly. It is fundamental that whether a contract is severable or entire depends upon the intention of the parties at the time the contract was made. First Seattle Dexter Horton Nat. Bank v. Commissioner, 9 Cir., 77 F.2d 45, 47; National-Ben Franklin Fire Ins. Co. v. Stuckey, 5 Cir., 92 F.2d 411. But since the court can not say what the parties may have intended their actual intent must be deduced from the entire contract, when in writing, considering its subject matter, the purpose of its execution, and the situation and circumstances of the parties at the time they made it. United States Fidelity & Guaranty Co. v. Wilson, 8 Cir., 41 F.2d 319, 323; United States Fidelity & Guaranty Co. v. Board of Commissioners, 8 Cir., 145 F. 144. A contract is entire when its terms and purpose show that the parties contemplated that its parts and the consideration should be common each to the other and interdependent. Obear-Nester Glass Co. v. Lax & Shaw, 8 Cir., 11 F.2d 240, 243. A further test of severability is that if the consideration is single the contract is entire, but if the consideration is apportioned the contract may be severable. Canister Co. v. Wood & Selick, Inc., 3 Cir., 73 F.2d

312; United States v. United States Fidelity & Guaranty Co., 236 U.S. 512, 525, 35 S.Ct. 298, 59 L.Ed. 696.

 Here it is entirely clear that each policy was a single contract providing for a single annuity although payable until the end of the life of the survivor of the two annuitants. Neither the annuity nor the consideration paid was severable. Suppose the mother had survived the taxpayer, it is apparent that she could not have demanded and recovered from the insurance companies any part of the premiums or consideration paid for the annuities on the theory that the annuities were several or that the contracts were separable and that two separate considerations had been paid therefor. Each contract provided that for a consideration of $25,000 the company would pay a single annuity monthly until the death of the survivor. Further, as pointed out by The Tax Court, there is no evidence that either of the insurance companies calculated the premiums on the basis of the life expectancies of the two annuitants as the taxpayer's theory implies.

The application of the statute is equally clear. By its terms the 3 per centum to be included in gross income applies to the "aggregate premiums or consideration paid for *such annuity*." (Emphasis supplied.)

The taxpayer, to sustain her contention that the contracts are severable and that there are two annuities involved in each contract although the terms of each are governed by but one contract, relies upon Gillespie v. Commissioner, 9 Cir., 128 F.2d 140, and Raymond v. Commissioner, 7 Cir., 114 F.2d 140, certiorari denied, 311 U.S. 710, 61 S.Ct. 319, 85 L.Ed. 462. Neither case is an authority controlling the present case. In the Gillespie case the taxpayer transferred property to a family corporation a part of which was a gift and for a part of which she received an annuity. The case is an authority for the proposition that under such circumstances only so much of the value of the property transferred as the annuity would have cost if purchased from an insurance company should be regarded as consideration for the annuity, 3 per centum of which should be included in gross income under § 22(b)

(2). A similar situation existed in the Raymond case.

 Finally, we think that the applicability of the statute to the facts of this case and the weight of the evidence are questions for the determination of The Tax Court and that its conclusions and decision are binding on this court. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. ——; Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Morris Plan Indus. Bank of New York v. Commissioner, 2 Cir., 151 F.2d 976; Cole's Estate v. Commissioner, 8 Cir., 140 F.2d 636, 151 A.L.R. 1139; Helvering v. Meredith, 8 Cir., 140 F.2d 973; Beattie v. Commissioner, 6 Cir., 159 F.2d 788; Spears v. Commissioner, 3 Cir., 164 F.2d 486.

The decision of the Tax Court must therefore be affirmed.