## STEWART'S ESTATE
### v.
### UNITED STATES.
#### Civ. No. 1820.

United States District Court
D. Minnesota, Third Division.

Dec. 11, 1953.

James S. Delehanty, St. Paul, Minn., for plaintiff.

H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Paul S. McMahon, Sp. Assts. to the Atty. Gen., and George E. MacKinnon, U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This is an action brought by the administrator of the estate of Ila M. Stewart, deceased, to recover the sum of $2,-881.29, representing a portion of a deficiency assessment of federal estate tax

and interest paid by that estate during 1942. Payment of the taxes under protest, timely claim for refund and denial thereof, are admitted.

The facts are stipulated. On December 24, 1936, Virginia M. MacArthur and her mother, the decedent, Ila M. Stewart, purchased a contract, termed a survivorship annuity policy, from the Mutual Life Insurance Company of New York, for a single premium of $25,000, each contributing one-half, or $12,500, to the purchase price thereof. The policy, or contract, provided for monthly payments of $84.58 to decedent during her lifetime, and thereafter a like monthly payment to Virginia M. MacArthur while she lived. On December 24, 1936, decedent could have purchased the same annuity to her alone for $15,581.67.

On May 18, 1937, decedent and her said daughter purchased another contract termed a survivorship annuity policy for a single premium of $25,000, each contributing $12,500 to the purchase price thereof. The contract provided for the payment of $85 a month to decedent during her lifetime, and, after her death, to said daughter during the remainder of her lifetime, in the event, of course, that she should survive decedent. On May 18, 1937, decedent could have purchased the same annuity to her alone for $15,376.50.

Decedent Ila M. Stewart died on July 30, 1940, and plaintiff qualified as administrator of her estate on September 3, 1940.

Plaintiff, urging that the contracts under consideration are "survivorship" annuities, and not "joint and survivor" ones, urges that this is a case of first impression and that, therefore, there are no governing authorities. From the stipulation of facts and the argument of plaintiff, the only issue presented to the Court is whether there was any transfer in any amount intended to take effect at decedent's death. There has been no attack by plaintiff as to the method of computation or the amount of inclusion of the value of the annuities in the gross estate.

Specifically, plaintiff contends that decedent had nothing to pass at her death and that as a matter of fact nothing could pass at her death that she had not been compensated for to its full value in money or money's worth.

The question for determination is this: Was the Commissioner of Internal Revenue correct when he included in decedent's gross estate the value of the two said annuities?

The applicable statute is 26 U.S.C.A. § 811(c).

Plaintiff contends that if any part of the annuity contracts are to be taxed as a part of decedent's estate there must have been a "previous transfer" for the ultimate benefit of some other person.

Is the value of the property transferred by decedent in excess of the value of her right to a life income?[1] Plaintiff in this connection urges that in the instant case, pursuant to the stipulated facts, the value of the property transferred by decedent was less than the value of her right to income for life because decedent paid only $25,000, whereas for decedent to purchase the annuity which she received she would have had to pay $30,958.17. Therefore, plaintiff contends that decedent not only received full value for the money she transferred, but that she obtained a benefit in excess of the amount she transferred. Defendant challenges the statement that this is a case of the first impression, citing authorities which it contends are determinative of the issue.[2]

The two annuity contracts here under consideration were involved in a proceed-

1. Plaintiff cites Giannini v. Commissioner of Internal Revenue, 9 Cir., 148 F.2d 285.

2. Defendant cites as particularly pertinent the cases of MacArthur v. Commissioner, 8 T.C. 279, affirmed in MacArthur v. Commissioner, 8 Cir., 168 F.2d 413, and Commissioner v. Wilder's Estate, 5 Cir., 118 F.2d 281, certiorari denied, 314 U. S. 634, 62 S.Ct. 67, 86 L.Ed. 509.

ing instituted in the Tax Court by Virginia M. MacArthur.[3] The decision of the Tax Court, holding that the Commissioner did not err in denying exclusion from gross income the amount above 3% of the consideration for which the taxpayer might have purchased separately an annuity contract for a period following the death of her mother, was affirmed by the Court of Appeals for the Eighth Circuit. In its decision the Court of Appeals held that each policy was a single contract and that neither the annuity nor the consideration paid was severable.[4]

Appraising these contracts in a realistic light, the Court finds little difficulty in deciding that an interest shifted at the decedent's death, and that the death of the first annuitant was the generating event which caused a shifting of an economic benefit corresponding to a property right and which is the subject of the death tax.[5]

For the foregoing reasons, therefore, it is the opinion of the Court that the

---

3. MacArthur v. Commissioner, supra.

4. In MacArthur v. Commissioner, 8 Cir., 168 F.2d 413, 416, the Court said:
    "Here it is entirely clear that each policy was a single contract providing for a single annuity although payable until the end of the life of the survivor of the two annuitants. Neither the annuity nor the consideration paid was severable. Suppose the mother had survived the taxpayer, it is apparent that she could not have demanded and recovered from the insurance companies any part of the premiums or consideration paid for the annuities on the theory that the annuities were several or that the contracts were separable and that two separate considerations had been paid therefor. Each contract provided that for a consideration of $25,000 the company would pay a single annuity monthly until the death of the survivor. Further, as pointed out by The Tax Court, there is no evidence that either of the insurance companies calculated the premiums on the basis of the life expectancies of the two annuitants as the taxpayer's theory implies."

5. Commissioner v. Clise, 9 Cir., 122 F.2d 998. In that case the decedent purchased a number of joint and survivor annuities and the question presented was whether the value at death of decedent of these joint survivor and annuity contracts was required to be included in decedent's gross estate as transfers intended to take effect in possession or enjoyment at or after the donor's death, or were the rights of the second annuitants simply gifts *inter vivos*. The Court of Appeals held that the annuities were includible in the estate of the deceased primary annuitant who purchased the annuities because the death of the primary annuitant caused a shifting of the economic benefit.
    See also Hagy v. Kelly, 135 N.J.Eq. 436, 39 A.2d 386, 388, which while not binding on this Court, contains pertinent language. In that case a husband and wife purchased certain annuity contracts for which the husband supplied 62 per cent and the wife 38 per cent of the contribution. All annuities were made payable to the husband during his life and to the widow after his death. After the husband's death, the annuities to which the widow succeeded were held taxable as "transfers intended to take effect in possession and enjoyment at and after death." The petitioner raised substantially the same contentions as have been raised in the case at bar. The Court, 39 A.2d at page 389 said as follows:
    "Of course, the decedent could not be certain that his wife would survive him, but he agreed, in the contracts, that should she survive him, she would receive the entire annuities from and after his death. The reality is our present concern. She did survive and has, pursuant to the deliberate intention of her husband, come into possession of pecuniary benefits which she did not previously enjoy and in an amount materially in excess of annuities which her own investment would have warranted. [In the instant case for an outlay of $25,000.00 the daughter acquired annuities to begin at her mother's death which, had they not been purchased through a combination annuity, would have cost the daughter in excess of the $25,000.00 she paid. (Stipulation, paragraph ten.)] She has succeeded to the full amount of the annuities payable in consideration of the total cost, and her succession to such benefits has occurred as a result of the death of her husband. * * * The annuity contracts have had, as contemplated, the practical effect of reserving to the decedent the enjoyment of all the funds invested and postponing the transfer of the economic benefits to another until after his death. * * * "

defendant's imposition of the tax should be, and it is sustained.

Defendant may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Plaintiff may have an exception.