JOSEPH MORSCHAUSER, III, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOSEPH MORSCHAUSER, III, AND JOANNE T. MORSCHAUSER, PETITIONERS, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64850, 64851.   Filed January 27, 1958.

*Gustave A. Wuerfel, C. P. A.*, for the petitioners.
*Norman L. Rapkin, Esq.*, for the respondent.

OPINION.

TRAIN, *Judge:* Respondent determined the following deficiencies in income taxes:

| Docket No. | Petitioner | Year | Deficiency |
|---|---|---|---|
| 64850 | Joseph Morschauser, III | 1951 | $364.52 |
| 64851 | Joseph Morschauser, III, and Joanne T. Morschauser | { 1952 <br> 1953 | 461.99 <br> 420.66 |

These consolidated proceedings involve the single question of whether certain annuity payments received by Joseph Morschauser, III, in 1951, 1952, and 1953, as surviving annuitant of an employee's annuity, are taxable in their entirety.

All of the facts in these proceedings have been stipulated, and the stipulation of facts is adopted as the findings of fact.

Petitioner Joseph Morschauser, III, filed an income tax return and an amended return for 1951 with the then collector of internal revenue at Albany, New York, reporting income from annuities in the amount of $2,342.12. He and his wife, petitioner Joanne T. Morschauser, filed joint income tax returns for 1952 and 1953 with the district director of internal revenue at Albany, New York, reporting income from annuities in the amount of $2,342.12 for each year.

The petitioner's grandfather, Joseph Morschauser, was a member of the New York State Employees' Retirement System. At the time of his retirement on September 30, 1940, Joseph Morschauser exercised an irrevocable election pursuant to the applicable State law whereby he would receive a reduced annuity during his own life and, upon his death, one-half of this annuity would be paid to his grandson, petitioner herein, for life.

At the time of his death on November 3, 1947, Joseph Morschauser had recovered, tax free, his total annuity cost, based upon his contributions to the State retirement fund. The value of the survivor's interest in the annuity at his death was $78,070.58. This amount was included in the gross estate of Joseph Morschauser for Federal estate tax purposes pursuant to section 811 (c) (1) of the 1939 Code.

Petitioner Joseph Morschauser, III, received $4,242.12 as beneficiary of his grandfather's annuity in each of the calendar years 1951, 1952, and 1953. He included as taxable income from annuities the amount of $2,342.12 in each of those years and excluded the excess over that amount pursuant to section 22 (b) (2) (A) of the Internal Revenue Code of 1939, which provides for the exclusion from gross income of the excess of the amount of an annuity over an amount equal to 3 per cent of the aggregate consideration paid for the annuity. The $2,342.12 included annually by the petitioner as the taxable portion of his annuity was equal to 3 per cent of $78,070.58, the value of his survivor's interest included in his grandfather's gross estate. It is respondent's position that the entire annuity of $4,242.12 received in each of the years in question by Joseph Morschauser, III, as surviving annuitant, was includible in gross income.

We agree with the respondent.

Section 113 (a) (5) of the 1939 Code, relating to the determination of basis of property transmitted at death, provides in part that if "property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition." Petitioners assert that the amount of $78,070.58 was properly included in the gross estate of Joseph Morschauser under section 811 (c) (1) of the 1939 Code, relating to transfers taking effect at death, and is, therefore, property acquired by bequest, devise, or inheritance within the meaning of section 113 (a) (5).

This conclusion is erroneous. In *Title Guarantee & Trust Co., Executor*, 40 B. T. A. 475 (1939), aff'd. 123 F. 2d 819 (C. A. 2, 1941), this Court decided that a survivor's annuity which was included in the gross estate of a deceased husband was not acquired by the survivor by bequest, devise, or inheritance. This Court stated (40 B. T. A. at 482):

The fact that the value of the annuity was included in the gross estate of the deceased husband is, in our opinion, immaterial. It was included because he, prior to his death, had made a gift in contemplation of death which was a substitute for testamentary disposition. The fact that it was thus treated for estate tax purposes does not make the total amount received by the wife a bequest * * *

We held that the 3 per cent rule of section 22 (b) (2) was applicable to the cost of the annuity, and not to the value of the survivor's annuity at the date of deceased's death. The cost of the annuity is considered to be the aggregate premiums or consideration paid for such annuity by the primary annuitant. *MacArthur* v. *Commissioner*, 168 F. 2d 413 (C. A. 8, 1948), affirming 8 T. C. 279 (1947).

Petitioners point out that section 22 (b) (2) was amended in 1951 by the addition of the following new paragraph:

(C) Joint and Survivor Annuities.—For purposes of subparagraphs (A) and (B) of this paragraph, where amounts are received by a surviving annuitant under a joint and survivor's annuity contract *and the basis of such survivor annuitant's interest is determined under section 113* (*a*) (*5*) the consideration paid for such survivor's annuity shall be considered to be an amount equal to such basis.[1]   [Emphasis added.]

From this amendment, petitioners conclude that they are entitled to take as the basis of the annuity the value of the survivor's interest included in the estate of Joseph Morschauser. We do not agree with this conclusion. The amendment quoted above is, by its terms, applicable only in cases where the basis of the survivor's interest is determined under section 113 (a) (5). As part of the same 1951 legislation which provided the above amendment to section 22 (b) (2), Congress also amended section 113 (a) (5) by the addition of the following sentence:

For the purposes of this paragraph, the survivor's interest in a joint and survivor's annuity shall be considered to be property "acquired by bequest, devise, or inheritance" from the decedent *if the death of the decedent was after December 31, 1950,* and if the value of any part of such interest was required to be included in determining the value of the decedent's gross estate under section 811.[2]   [Emphasis added.]

The latter amendment makes clear that, if the decedent died before January 1, 1951, section 113 (a) (5) does not determine the basis of a survivor annuitant's interest. Therefore, section 22 (b) (2) (C) will not apply to amounts received by a surviving annuitant unless the decedent died after December 31, 1950.

That this result was intended by Congress is clearly indicated by the legislative history of the 1951 amendments. The report of the Senate Committee on Finance stated:

A joint and survivor annuity is includible in the decedent's gross estate but is treated as a gift for basis purposes so that, for purposes of gain, it has the same basis as in the hands of the donor. Section 303 of your committee's bill amends sections 22 (b) (2) and 113 (a) (5) of the code to provide that where a joint and survivor annuity is included in the decedent's gross estate, its basis shall be the value of the property included in the estate.

---

[1] Revenue Act of 1951, Act of Oct. 20, 1951, ch. 521, sec. 303 (a), 65 Stat. 452, 483.
[2] Revenue Act of 1951, Act of Oct. 20, 1951, ch. 521, sec. 303 (b), 65 Stat. 452, 483.

This amendment is to apply only where the decedent dies after December 31, 1950.[3]

Petitioners' basis for the interest held by Joseph Morschauser, III, in the annuity is the same as the basis of the annuity to the deceased. *MacArthur* v. *Commissioner, supra*, and *Commissioner* v. *Title Guarantee & Trust Co.*, 123 F. 2d 819 (C. A. 2, 1941). The deceased, Joseph Morschauser, had fully recovered, tax free, his basis in the annuity at the date of his death. Therefore, the entire amounts received by the petitioner Joseph Morschauser, III, as surviving annuitant, are includible in gross income. Sec. 22 (b) (2) (A), I. R. C. 1939. *Anna E. Curtis*, 8 T. C. 266 (1947).

In view of our decision, it is unnecessary for us to decide whether the value of the survivor's interest was properly included in the gross estate of Joseph Morschauser. Even if its inclusion were required by section 811 (c) of the 1939 Code, as contended by the petitioners, the same result would follow. For the same reason, it is unnecessary for us to consider the further contention of the petitioners that the respondent, having accepted the estate tax return of Joseph Morschauser as correct, is now estopped from maintaining that the value of the survivor's interest should not have been included in his gross estate.

That the result here reached may be a harsh one is presumably the very reason why Congress changed the law in 1951.

*Decisions will be entered for the respondent.*

---

[3] Report of the Senate Committee on Finance to accompany H. R. 4473, S. Rept. No. 781, 82d Cong., 1st Sess., p. 52. See also the Supplemental Report of the Committee on Finance, S. Rept. No. 781, 82d Cong., 1st Sess., pp. 16, 17.