EDWARD C. HEARD AND CORA L. HEARD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 92220. Filed April 10, 1963

*Henry C. Lowenhaupt*, and *Owen T. Armstrong*, for the petitioners. *Claude R. Sanders*, for the respondent.

#### OPINION

BRUCE, *Judge:* Respondent determined a deficiency in income tax for the taxable year 1958 in the amount of $509.07.

The sole question for our determination is whether the sum of $2,224.99,[1] received by petitioner Edward C. Heard during 1958 under the Civil Service Retirement Act, as amended, constitutes an annuity

---

[1] According to the notice of deficiency, $3,639.03 in retirement deductions were withheld from petitioner's salary. The parties have stipulated that $3,639.01 is the correct amount withheld. This has the effect of increasing the portion of retirement income received in 1958, in excess of retirement deductions withheld, from $2,224.97 to $2,224.99. The tax effect is inconsequential. In view of the stipulation and for accuracy we use the latter figure.

taxable to petitioners within the purview of section 72(d), I.R.C. 1954.

In the notice of deficiency, respondent decreased petitioners' medical expense deduction because of the increase in the amount of adjusted gross income determined. The correctness of this adjustment is dependent upon the determination respecting the issue stated above.

All of the facts are stipulated and the stipulation and exhibit attached thereto are incorporated herein by this reference.

Petitioners, Edward C. and Cora L. Heard, are husband and wife. They reside in St. Louis, Mo., and filed a joint Federal income tax return for the year 1958 with the district director of internal revenue in that city. For convenience, Edward C. Heard will hereinafter be referred to as petitioner.

Petitioner reached age 62 on April 23, 1956. He was a member of the Armed Forces of the United States and engaged in the military service of the United States from October 2, 1917, until about October 2, 1919. He was an employee in the classified civil service of the United States from on or about September 15, 1929, until on or about August 15, 1952. He was in the service of or under the United States (including military service and classified civil service) for 24 years, 10 months, and 6 days prior to August 15, 1952, on which day he retired from such service.

By virtue of such service, petitioner was entitled to benefits under the Civil Service Retirement Act (5 U.S.C. 2251–2267), and, as permitted by that Act, on or about August 15, 1952, he elected to receive an annuity commencing May 1, 1956, immediately after he attained age 62, in the amount of $181 per month as long as he might live. This amount was increased by law commencing August 1, 1958, to $199 per month. Pub. L. 85–465 (June 25, 1958), 72 Stat. 218. During the calendar year 1958 petitioner received monthly payments under the Civil Service Retirement Act totaling $2,244. He did not include any part of this amount in income on his Federal income tax return for 1958.

Retirement deductions withheld from petitioner's salary during all of his civilian Federal service totaled $3,639.01. No such deductions were withheld from his pay while in the military service.

From May 1956, when petitioner's annuity payments commenced, through December 31, 1957, petitioner received civil service retirement benefits totaling $3,620. On December 31, 1957, petitioner had recovered as benefits all of the retirement deductions withheld from his salary, except $19.01.

Petitioner's rights with reference to the retirement annuity are as set out in the Civil Service Retirement Act as originally enacted and from time to time amended.[2]

The respondent contends that the amounts received by the petitioner pursuant to the Civil Service Retirement Act are received as an employee's annuity and that $2,224.99 received in 1958 is includable in gross income pursuant to section 72(d), I.R.C. 1954.[3]

The petitioner contends that section 72 has no application here because it refers to amounts received as an annuity under an annuity, endowment, or life insurance *contract*, that there was no such *contract* between petitioner and the United States, and that petitioner had no contractual right to an annuity or pension. Subsection (d) of section 72 refers to the amount receivable by the employee "under the terms of the *contract*" and to the "consideration for the *contract*" contributed by the employee. This, says the petitioner, implies a contract of the kind written by insurance companies for premiums where the consideration may be paid by the employee or the employer to the insurer in cash. The petitioner's argument continues:

The obligation to pay an annuity to petitioner was the obligation of the United States, which withheld amounts from petitioner's pay. But the amounts so withheld, even assuming the obligation to be in some sense contractual, were neither adequate consideration nor the entire amount contributed for the obligation. Clearly, a person not employed by the United States could not contribute only such amounts and receive a like pension or annuity. The additional reason (assumed here to be contractual consideration) for the annuity was petitioner's services. These were rendered, that is "contributed," by the petitioner, and hence, no part of the consideration was contributed by the employer, the United States. The annuity is paid by the United States, but this is very different from contributing consideration for an annuity contract. The insurance or annuity company which pays an annuity under its policy does not *contribute* any consid-

---

[2] 5 U.S.C., sec. 733(b). Section provides for the payment of a deferred annuity. Compare acts of May 22, 1920, ch. 195, 41 Stat. 614; Sept. 22, 1922, ch. 428, secs. 1 and 2, 42 Stat. 1047, 1048; July 3, 1926, ch. 801, sec. 7, 44 Stat. 909; May 29, 1930, ch. 349, sec. 7, 46 Stat. 474; Jan. 24, 1942, ch. 16, sec. 5, 56 Stat. 16; Nov. 9, 1945, ch. 456, sec. 2, 59 Stat. 577; Feb. 28, 1948, ch. 84, sec. 7, 62 Stat. 52. Now covered by 5 U.S.C., sec. 2258.

[3] SEC. 72. ANNUITIES; CERTAIN PROCEEDS OF ENDOWMENT AND LIFE INSURANCE CONTRACTS.

(d) EMPLOYEES' ANNUITIES.—

(1) EMPLOYEE'S CONTRIBUTIONS RECOVERABLE IN 3 YEARS.—WHERE—

(A) part of the consideration for an annuity, endowment, or life insurance contract is contributed by the employer, and

(B) during the 3-year period beginning on the date (whether or not before January 1, 1954) on which an amount is first received under the contract as an annuity, the aggregate amount receivable by the employee under the terms of the contract is equal to or greater than the consideration for the contract contributed by the employee,

then all amounts received as an annuity under the contract shall be excluded from gross income until there has been so excluded (under this paragraph and prior income tax laws) an amount equal to the consideration for the contract contributed by the employee. Thereafter all amounts so received under the contract shall be included in gross income.

eration for the annuity, but receives it, even though the total annuity payments exceed all the premiums it has received.

The petitioner argues that no consideration was contributed by the United States, that the amounts not paid from the petitioner's contributions and which are paid by the United States are dependent upon appropriations made at the discretion of Congress, and, since no legal process can compel Congress to appropriate such moneys, the part of the payments provided by the United States is a pension or gift. The retirement fund, says the petitioner, is not a true fund since it admittedy shows a deficit and requires deficit appropriations to permit payment of the benefits provided.

The petitioner refers to the cross reference in section 72(d)(3), stating:

(d) EMPLOYEES' ANNUITIES.—

*     *     *     *     *     *     *

(3) CROSS REFERENCE.—For certain rules for determining whether amounts contributed by employer are includible in the gross income of the employee, see part I of subchapter D (sec. 401 and following, relating to pension, profit-sharing, and stock bonus plans, etc.).

The petitioner contends that section 401 and following sections have no application to the civil service retirement fund because the fund has no income, it is not a trust, it has no assets, being dependent upon appropriations by the Congress, and the United States is not a trustee subject to general equity jurisdiction; and that since payments to retired employees are dependent upon appropriations they are not "annuities" within the meaning of section 72. The petitioner refers to Rev. Rul. 60–235, 1960–2 C.B. 25, in which the respondent held that monthly payments to the widow of a Government employee under the authority of Public Law 85–465, enacted June 25, 1958, do not constitute amounts received as an annuity under section 72, for the reason that the total amounts payable are not determinable, being subject to the will of Congress to appropriate funds subsequent to June 30, 1960.

The petitioner cites *Dismuke* v. *United States*, 297 U.S. 167 (1936), as holding that a claim for benefits under the Civil Service Retirement Act was "founded upon a law of Congress" and not upon a contract with the United States as there contended.

The petitioner argues that either (1) his rights became nonforfeitable and fully realized at the latest in 1952 and taxable in that year at the then value of the future payments, or (2) that they are not contractual and are subject to recision by Congress, in which case the payments are gratuitous, a true pension, and not taxable income at all.

The Civil Service Retirement Act describes the retirement benefits payable under its provisions as *annuities*. It creates a fund to be

known as the Civil Service Retirement and Disability Fund, which is appropriated for payment of annuities, refunds, and allowances under the Act. The *Dismuke* case, referred to benefits under that Act as annuities, not pensions. That case concerned a question of jurisdiction of claims either founded upon any law of Congress or any contract with the Government. In holding that the claim for civil service retirement benefits was founded upon a law of Congress, the Supreme Court did not decide whether it might also be founded upon a contract with the Government.

In *Cecil W. Taylor*, 2 T.C. 267 (1943), affirmed sub nom. *Commissioner* v. *Miller*, 144 F. 2d 287 (C.A. 4, 1944), we held that amounts withheld as retirement deductions from the salary of civil service employees were includable within their gross income. The petitioners there contended that these amounts were not received by them actually or constructively. We pointed out that under the terms of the Retirement Act the employees were deemed to consent and agree to the prescribed deductions and that they acquired rights concerning the total amounts to their credit in the retirement fund. We said (p. 271):

These aspects of the retirement plan seem to us to demonstrate that there have been purchased by the employee substantial rights, of a value which can in no event fall materially below the amount of his own contribution, which presently belong to him, and which are unequivocally provided for his ultimate benefit under whatever contingency and in whatever circumstance the occasion for that benefit should arise. They are in that respect comparable to, and for our purposes indistinguishable from, *an annuity contract*, of which the employer constitutes itself the issuer, setting aside reserves for that purpose and making investments thereof comparable to those which would be employed by companies engaged in that business. [Emphasis supplied.]

This statement was quoted with approval by the Court of Appeals in affirming this Court (144 F. 2d at 289). That court said further (p. 290):

These rights were secured in consideration of contributions made from his salary, and at least to the extent of such contributions made, they could not be taken from him under the provisions of the Act, and we may not assume that Congress, if it could, would change the law so as to deprive him of the substantial rights acquired thereunder.

The United States, as an employer, does not purchase insurance contracts or issue formal contracts for annuity purposes. The terms of the annuity are expressed in the statute. The United States is in effect a self-insurer. This is true in other matters such as workmen's compensation for Federal employees injured in the course of their employment (5 U.S.C., ch. 15), and provision for compensation for injuries sustained by individuals due to negligence of Federal employees (28 U.S.C., ch. 171). The Retirement Act contemplates that the United States will pay the annuities to the extent the individual employee's contributions are insufficient to cover the amount specified

in the statute. Appropriations to this fund have regularly been made. In this respect there is consideration contributed by the employer within the intent of section 72(d). It is not material whether the retirement fund is a true fund or is actuarially sound or shows a deficit. In the *Dismuke* case, the Supreme Court said the declaration that annuities are payable from the retirement fund is a direction that they be charged on the books to that appropriation, but does not restrict the obligation to pay.

In *White* v. *United States*, 270 U.S. 175, and *Lynch* v. *United States*, 292 U.S. 571, the Court held that war risk insurance policies for which individuals contributed monthly payments constituted contracts with the United States. The terms of the policies were subject to amendment by the Congress, but the Court said the possibility of amendment indicated the extent to which the insured placed himself in the Government's hands and did not make the contract void.

This Court has recognized that civil service retirement annuities are taxable. In *Anna E. Curtis*, 8 T.C. 266 (1947), we held that monthly annuity payments made from a statutory fund to the surviving widow of a retired fireman of the District of Columbia were taxable within section 22(b)(2), I.R.C. 1939. The fireman had contributed to the fund through salary deductions as required. We said that "the situation is sufficiently akin to an annuity contract and the treatment of retired employees under the Civil Service Retirement Act to justify a similar treatment."

The employment contract between a civil service employee and the United States is subject to all the statutory provisions relating to the withholding of contributions to the retirement fund and of income taxes, and as part of that contract the employee acquires rights provided in the statute for retirement benefits. These rights, even though subject to amendment by the Congress, are undoubtedly contractual. There is no merit in the petitioner's contentions that the employer contributed no consideration or that there was no annuity contract.

The petitioner contends that the Congress did not intend to tax civil service retirement annuities. There is no indication in the original Retirement Act, which was enacted in 1920, that such was the intent. The Revenue Act of 1918, 40 Stat. 1057, then in effect, defined gross income as "gain or profits and income derived from any source whatever." Sec. 213(a). The courts have construed the taxing acts as applying to all gains except those specifically exempted. *Commissioner* v. *Glenshaw Glass Co.*, 348 U.S. 426 (1955). In the Revenue Act of 1921 (42 Stat. 227), section 213(b) provides that gross income does not include:

(9) Amounts received as compensation, family allotments and allowances under the provisions of the War Risk Insurance and the Vocational Rehabilitation Acts, or as pensions from the United States for service of the beneficiary or another in the military or naval forces of the United States in time of war;

Similar provisions were included in subsequent revenue acts. Had the Congress intended to exempt civil service retirement benefits it could have done so in this provision or a similar one, but there is no such exemption in the act of 1921 or later revenue acts.

In the Revenue Act of 1926 (44 Stat. 9), section 213(b) provided that gross income does not include:

(2) Amounts received (other than amounts paid by reason of the death of the insured and interest payments on such amounts) under a life insurance, endowment, or annuity contract, but if such amounts (when added to amounts received before the taxable year under such contract) exceed the aggregate premiums or consideration paid (whether or not paid during the taxable year) then the excess shall be included in gross income. * * *

Subsequent revenue acts contained similar provisions. There has been no specific exemption of civil service retirement benefits, as such. Exemptions from taxation do not rest on implication. *United States* v. *Stewart*, 311 U.S. 60, 71; *United States Trust Co.* v. *Helvering*, 307 U.S. 57, 60.

The respondent as early as 1921 interpreted the provisions of the retirement act as authorizing benefits taxable as annuities. T.D. 3112, 4 C.B. 76, approved Jan. 10, 1921. Subsequent Treasury regulations provided that annuities paid to retired civil service employees are subject to tax as annuities. See, for example, Regulations 111, section 29.22 (b) (2)–2, which provides in part:

Annuities paid to retired employees pursuant to the Civil Service Retirement Act of May 29, 1930, 46 Stat. 468, 475, as amended * * * are subject to section 22(b)(2), the aggregate premiums or consideration paid for such annuities being the total of the amounts previously withheld from the compensation of the employees.

Regulations 118, section 39.22(b) (2)–2(a) (1), applicable in 1952 and 1953, contains similar provisions.

Such administrative treatment of civil service retirement annuities has been consistent, therefore, for many years. In enacting the 1954 Code without making any material changes with respect to this matter, Congress may be deemed to have approved the treatment of civil service retirement annuities provided for by Treasury decisions and regulations. *Helvering* v. *Winmill*, 305 U.S. 79.

Current income tax regulations provide for the same treatment (sec. 1.72–2(a) (3) (iii) and (iv)) and refer specifically to benefits under the Civil Service Retirement Act as being within the provisions of section 72.

The petitioner contends that because benefits under the Social Security Act or the Railroad Retirement Act or under certain laws administered by the Veterans' Administration are not treated as taxable income, the benefits provided under the Civil Service Retirement Act should not be taxable and that to tax them is discriminatory and unconstitutional.

This argument is without merit. The bases of the contributions on the one part and the formulae for computing the benefits on the other in the several statutes are different. The Congress may well consider that one or another of these allowances should be exempt from tax and another one taxable. That decision is within its powers. Cf. *Barclay & Co.* v. *Edwards*, 267 U.S. 442 (1924).

We may also take note that the Congress has at least impliedly recognized the taxability of these retirement annuities. In the Internal Revenue Code of 1954 there is provided a new retirement tax credit, by section 37, as a means of placing individuals receiving retirement allowances under publicly administered programs on an equal footing with those receiving tax-exempt social security benefits from the Federal Government. S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. 8 (1954). In computing this credit amounts received as social security or railroad retirement allowances are deducted in computing, and thereby decrease, this credit.

The petitioner's annuity is within the provisions of section 72(d). During the 3-year period beginning with the first payment the aggregate amount receivable by him was greater than the amount of his contributions to the retirement fund through withholding from his salary. These amounts were correctly excluded from his gross income until his contributions were recovered. Thereafter all the amounts he received should be included in gross income. A part of the consideration for the annuity was contributed by his employer, the United States. The respondent's determination was correct.

*Decision will be entered for the respondent.*