Alfred D. Esposito and Mary E. Esposito v. Commissioner.
Esposito v. Commissioner
Docket No. 1239-70 SC.
United States Tax Court
T.C. Memo 1970-300; 1970 Tax Ct. Memo LEXIS 60; 29 T.C.M. (CCH) 1389; T.C.M. (RIA) 70300; October 27, 1970, Filed Alfred Dominick Esposito, pro se, 70 Holiday Blvd., Center Moriches, Long Island, N. Y.Harvey R. Poe, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent determined a deficiency of $106 in petitioners' income tax for the taxable year 1967. The only issue before us concerns the Commissioner's disallowance of a dependency exemption claimed by *61 petitioners. Petitioners had their legal residence in the petition herein was filed. During the calendar year 1967, the year in question, Anna Duffy, mother of petitioner Mary E. Esposito, received $1,068 under a civil service retirement annuity because of her late husband's many years of military and civilian service with the United States Government. Decedent had retired in 1934 and died in 1951. By the time of his death, decedent had received annuity payments in excess of his contributions to the retirement fund. The issue involved herein turns upon whether Anna Duffy had $600 or more of gross income. If she did, petitioners are precluded from claiming her as a dependent under the provisions of section 151 of the Internal Revenue Code of 1954 as it existed during the taxable year involved herein. There is no dispute that Anna Duffy received more than $600 during 1967 from the civil service retirement fund and that the contributions of her deceased husband had previously been exhausted. Petitioners' theory is that because Anna Duffy is a widow, such payments are excludable from gross income. Whether payments of the type involved herein are treated *62 as falling within the broad sweep of section 61(a) or under section 72 of the 1954 Code, it is clear that they constitute gross income. Heard v. Commissioner, 326 F. 2d 962 (C.A. 8, 1964), affirming 40 T.C. 7 (1963); Laura V. Lilly, 45 T.C. 168 (1965); Joseph Morschauser, III, 29 T.C. 693, 696 (1958); Anna E. Curtis, 8 T.C. 266, 272 (1947). The fact that by law the widow, instead of the decedent, received the payments provides no basis for an exception. Laura V. Lilly, supra; Anna E. Curtis, supra. We are not unmindful that petitioners appear to have expended substantial sums for the support of Anna Duffy and that they consider it unfair that they should not be entitled to claim her as a dependent. But the gross income limitation of section 151 is crystal clear and leaves us with no alternative but to hold that petitioners' claim must be rejected. Decision will be entered for the respondent. 1390