110 T.C. No. 5

UNITED STATES TAX COURT

THOMAS L. FREYTAG AND SHARON N. FREYTAG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13538-86.                    Filed February 5, 1998.

R issued a notice of deficiency to Ps for the taxable
years 1978, 1981, and 1982.  Ps filed a petition with this
Court and subsequently filed a petition in bankruptcy with
the bankruptcy court.  R filed proofs of claim for the
taxable years 1978, 1981, and 1982 pursuant to 11 U.S.C.
sec. 505(a)(1) (1994) (Bankruptcy Code).  P Sharon filed an
objection to R's proofs of claim on the grounds that she is
an innocent spouse pursuant to sec. 6013(e), I.R.C., and
sec. 6004 of the Technical and Miscellaneous Revenue Act of
1988, Pub. L. 100-647, 102 Stat. 3342, 3685.  The bankruptcy
court determined, inter alia, that P Sharon was not a so-
called innocent spouse and was liable for the taxes for 1981
and 1982.  P Sharon moves to dismiss this case for "lack of
jurisdiction".  <u>Held</u>: This Court has jurisdiction. <u>Comas,
Inc. v. Commissioner</u>, 23 T.C. 8 (1954), and <u>Valley Die Cast
Corp. v. Commissioner</u>, T.C. Memo. 1983-103, distinguished.
<u>Held</u>, <u>further</u>, the period of limitations for making an
assessment has not expired.  <u>Held</u>, <u>further</u>, under the
principles of res judicata a decision will be entered
consistent with the determinations of the bankruptcy court.

William D. Elliott, for petitioner Sharon N. Freytag.

James R. Turton, for respondent.

OPINION

DAWSON, Judge:  This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge that is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, Special Trial Judge:  This matter is before the Court on the motion for summary judgment of petitioner Sharon N. Freytag (Mrs. Freytag or petitioner), filed August 20, 1996.  The facts may be summarized as follows.

By notice of deficiency issued February 10, 1986, respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) |
| 1978 | $5,000 | $250 | -0- |
| 1981 | 53,598 | 2,680 | 50% of the interest due on $53,598 |
| 1982 | 36,901 | 1,845 | 50% of the interest due on $36,901 |

On May 12, 1986, petitioners filed a petition for redetermination of the deficiencies and additions to tax.  At

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

that time, petitioners were husband and wife and resided in Dallas, Texas.  Respondent filed an answer to the petition on June 26, 1986.

The primary issue involved deductions claimed for losses on transactions between petitioner Thomas L. Freytag (Mr. Freytag) and First Western Government Securities, Inc. (First Western). At that time there were more than 3,000 cases involving the same issues.  Test cases had been selected, and this case was held in abeyance.  The First Western issues were resolved in Freytag v. Commissioner, 89 T.C. 849 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. on other grounds 501 U.S. 868 (1991).

On January 5, 1990, petitioners filed a petition in the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division.  Respondent filed a proof of claim that was amended several times to include, inter alia, the income taxes and additions to tax for the years at issue in this case.  Respondent notified the Court of the bankruptcy proceedings, and pursuant to 11 U.S.C. sec. 362(a)(8) (1994) (Bankruptcy Code), this Court, on May 2, 1991, stayed all proceedings in this case.

In the bankruptcy court, Mrs. Freytag objected to respondent's amended proofs of claim.  She did not contest the underlying deficiencies for 1981 and 1982, and the parties stipulated that the challenged deductions for 1981 and 1982 were in fact grossly erroneous and had no basis in fact or law.  See Freytag v. Commissioner, supra.  Rather, she sought a

determination from that court that she was not liable for the taxes and addition to taxes at issue solely because she was an "innocent spouse" under section 6013(e) and section 6004 of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3685.

On August 12, 1993, the bankruptcy court issued a "Memorandum Opinion Regarding Sharon N. Freytag's Objection to IRS Claim". The court stated that it could "find no reason why it would be inequitable to hold Sharon liable for the consequences of the understatements." It accordingly decided that Mrs. Freytag was liable for the taxes for 1981 and 1982 and could not rely successfully upon the "innocent spouse" defense. On May 31, 1994, the bankruptcy court entered an "Agreed Order Pertaining to Dischargeability" in which it discharged: (1) Penalties and interest on penalties claimed by the IRS for the Freytags' taxable years 1978-1982; (2) penalty interest imposed by section 6621(c) to the extent it exceeded the normal rate of interest; and (3) $5,000 in tax and $10,941.89 in interest for the year 1978. With regard to the amounts not discharged, the parties seem to agree that while no dollar amount was stated in the order, the amount of the tax debts for 1981 and 1982 could be determined by reference to that order and the proof of claim, as amended, for the years at issue in this case.

In view of the bankruptcy court's order of discharge, this Court lifted the stay of proceedings. On August 20, 1996,

petitioner filed a motion for summary judgment asking that this case "be dismissed for lack of subject matter jurisdiction". Consistent with the order of the bankruptcy court, Mr. Freytag and respondent filed a stipulation of settled issues in which it is agreed that there is no deficiency for 1978; there are no additions to tax for the years 1978, 1981, and 1982; and there are deficiencies in the amounts of $53,598 and $36,901 for the years 1981 and 1982, respectively.

## Summary Judgment

Rule 121 provides that either party may move for summary judgment on all or any part of the legal issues in controversy where there is no genuine issue as to any material fact and a decision may be entered as a matter of law.  As we understand Mrs. Freytag's position, she does not seek an entry of a decision, but rather a dismissal of the case for lack of jurisdiction with respect to her.  Summary judgment, therefore, would not be an appropriate vehicle to obtain the relief that she seeks.  Nonetheless, as we shall see, there is an aspect of petitioner's argument that is appropriate for summary judgment resolution.  In these circumstances, initially for discussion purposes, we treat petitioner's motion as a motion to dismiss for lack of jurisdiction, which we deny, and then proceed with an analysis for the proper disposition of this case.

## Jurisdiction of the Tax Court

As a general proposition, this Court has jurisdiction to redetermine a taxpayer's Federal tax liabilities as long as respondent has sent the taxpayer a valid notice of deficiency and the taxpayer has filed a timely petition in this Court to review the deficiencies asserted in the notice. Secs. 6212 and 6213; Gustafson v. Commissioner, 97 T.C. 85, 89 (1991). Section 6213(a) further provides that in general the filing of such a petition prevents the assessment or collection of the taxes at issue. While the normal period of limitations within which an assessment may be made expires 3 years after the return was filed (sec. 6501(a)), section 6503(a)(1) provides that the period of limitations is "suspended" for the period that there is a proceeding in the Tax Court and for 60 days after the decision of the Tax Court becomes final.

A proceeding before the Tax Court is an in personam action. Morris Plan Industrial Bank of N.Y. v. Commissioner, 151 F.2d 976 (2d Cir. 1945), affg. a Memorandum Opinion of this Court dated Oct. 5, 1944; Hemmings v. Commissioner, 104 T.C. 221, 230 (1995). Furthermore, once this Court acquires jurisdiction over the dispute between a taxpayer and respondent, that jurisdiction remains unimpaired until the controversy is decided. Dorl v. Commissioner, 57 T.C. 720, 722 (1972), affd. 507 F.2d 406 (2d Cir. 1974); see also sec. 7459(d) (if a case is dismissed the decision will be entered in the amount determined by the Secretary).

If, after this Court acquires jurisdiction over a controversy, the petitioner files a petition in the bankruptcy court, 11 U.S.C. sec. 362(a)(8) (1994) (Bankruptcy Code) provides that "a petition filed * * * operates as a stay, applicable to all entities" including "the commencement or continuation of a proceeding before the United States Tax Court".  At the request of a party in interest the bankruptcy court may lift the stay.  See 11 U.S.C. sec. 362(d), (e), and (f).  And, unless previously lifted, such a stay terminates at the earliest of the closing or dismissal of the bankruptcy case or at the time a discharge is granted or denied to an individual.  11 U.S.C. sec. 362(c); Smith v. Commissioner, 96 T.C. 10 (1991).  Once a stay has been lifted or terminated this Court will proceed to resolve the dispute, unless a stay is affirmatively reimposed by the bankruptcy court. Kieu v. Commissioner, 105 T.C. 387, 394-395 (1995).  However, 11 U.S.C. sec. 505(a)(1) (1994), provides:

> Except as provided in * * * [11 U.S.C. sec. 505(a)(2)], the [bankruptcy] court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.[2]

---

[2]  11 U.S.C. sec. 505(a)(2) (1994) restricts the bankruptcy court's authorization to determine tax liability to cases which were not adjudicated by a judicial or administrative tribunal before the commencement of the bankruptcy case.

The enactment of 11 U.S.C. secs. 362 and 505 was part of the major reform of the bankruptcy laws accomplished by the Bankruptcy Reform Act of 1978, Pub. L. 95-598, 92 Stat. 2549. The legislative history clearly shows that Congress understood that the bankruptcy courts and this Court would have concurrent jurisdiction in cases regarding common issues of Federal tax liability of bankrupts who are properly before both courts.[3] United States v. Wilson, 974 F.2d 514, 517 (4th Cir. 1992). If the bankruptcy court first decides the common tax issue, its decision is to be binding under principles of res judicata upon this Court:

> the bankruptcy judge will have authority to determine which court will determine the merits of the tax claim both as to claims against the estate and claims against the debtor concerning his personal liability for nondischargeable taxes. Thus, * * * the bankruptcy judge can either rule on the merits of the claim and continue the stay on any pending Tax Court proceeding or lift the stay * * *. If he rules on the merits of the complaint before the decision of the Tax Court is

_____

[3] Prior to the enactment of the Bankruptcy Reform Act of 1978, Pub. L. 95-598, 92 Stat. 2549, the House and the Senate formulated different proposals as to how the bankruptcy laws should be revised, and a compromise bill was eventually entered into law. See 3 Collier, Collier on Bankruptcy, pars. 505.02 and 505.03 (15th ed. 1996). No formal conference was held to formulate the compromise bill, but the sponsors of the bill issued extensive comments which served in the place of a conference committee report. 124 Cong. Rec. 32391-32420 (1978) (Representative Edwards); 124 Cong. Rec. 33992-34019 (1978) (Senator DeConcini); see, generally, Kennedy, Foreword: "A Brief History of The Bankruptcy Reform Act", 58 N.C.L. Rev. 667, 676-77 (1980). Those comments provide persuasive evidence of Congress' intent when it enacted 11 U.S.C. secs. 362 and 505. See Begier v. I.R.S., 496 U.S. 53, 64-65 n.5 (1990); United States v. Wilson, 974 F.2d 514, 518 (4th Cir. 1992).

> reached, the bankruptcy court's decision would bind the debtor as to nondischargeable taxes and the Tax Court would be governed by that decision under principles of res judicata. [124 Cong. Rec. 32414 (1978) (Representative Edwards); 124 Cong. Rec. 34014 (1978) (Senator DeConcini); emphasis added.]

There is nothing in the Internal Revenue Code, the Bankruptcy Code, or their legislative histories that remotely suggests that by ruling on the merits of a tax dispute the bankruptcy court ousts the Tax Court of jurisdiction over a case that is pending before it. Cf. United States v. Wilson, supra. Rather, it is clear that the principles of issue preclusion or res judicata would apply to avoid duplicative litigation. Irrespective of other arguments that may be made, this Court still retains in personam jurisdiction over petitioner and subject matter jurisdiction over her dispute with respondent.[4]

## Period of Limitations and Jurisdiction

As we understand, petitioner's reasoning seems to be based upon an assumption that the judgment of the bankruptcy court constitutes a bar to the making of an assessment of the taxes at issue. At the February 26, 1997, hearing on this motion petitioner's counsel explained: "Section 505(c) of the Bankruptcy Code is specific and clear: following determination

_____

[4] Compare sec. 7422(e) which provides that, if "prior to the hearing" of a refund suit, the Secretary issues a notice of deficiency for the same year and the taxpayer files a petition with the Tax Court, the court before which the suit was pending "shall lose jurisdiction * * * to whatever extent jurisdiction is acquired by the Tax Court".

by * * * [the bankruptcy] court, the IRS should have assessed. They [sic] didn't. They [sic] are now out of time."

The running of the period of limitations is a defense to a claim, and it is not a jurisdictional matter. See, e.g., <u>Robinson v. Commissioner</u>, 12 T.C. 246, 248 (1949), affd. 181 F.2d 17 (5th Cir. 1950). It, however, may be argued that, if indeed the period of limitations had run, this Court should enter a decision that there are no deficiencies due from petitioner. Section 7459(e) provides that "If the assessment or collection of any tax is barred by any statute of limitations, the decision of the Tax Court to that effect shall be considered as its decision that there is no deficiency in respect to such tax."

The genesis of petitioner's argument lies in section 6871(b) and 11 U.S.C. sec. 505(c).[5] Section 6871(b) provides--

> Any deficiency (together with all interest, additional amounts, and additions to the tax provided by law) determined by the Secretary in respect of a tax imposed by Subtitle A or B * * * on--

---

[5]    11 U.S.C. sec. 505(c) (1994) provides:

> Notwithstanding section 362 of this title, after determination by the [bankruptcy] court of a tax under this section, the governmental unit charged with responsibility for collection of such tax may assess such tax against the estate, the debtor, or a successor to the debtor, as the case may be, subject to any otherwise applicable law.

Congress subsequently applied the principles of 11 U.S.C. sec. 505(c) more specifically to Federal tax proceedings when it enacted sec. 6871(b).

> (1) the debtor's estate in a case under title 11 of the United States Code, or

> (2)  the debtor, but only if liability for such tax has become res judicata pursuant to a determination in a case under title 11 of the United States Code,

may, despite the restrictions imposed by section 6213(a) on assessments, be immediately assessed if such deficiency has not theretofore been assessed in accordance with law.

Section 6871(b) was enacted as part of the Bankruptcy Tax Act of 1980, Pub. L. 96-589, 94 Stat. 3389.  Its enactment reflects Congress' belief that "the provisions of the Internal Revenue Code relating to assessment and collection procedures should be coordinated with rules enacted in the new bankruptcy statute (Pub. L. 95-598) for determination of tax liabilities in bankruptcy cases."  S. Rept. 96-1035, at 48 (1980), 1980-2 C.B. 620, 644.  Section 6871(b) is derived from current 11 U.S.C. sec. 505(c).

The use of the word "may" in both statutes is generally interpreted to be permissive and not mandatory.  See United States v. Rodgers, 461 U.S. 677, 706-710 (1983).  Read in this light, section 6871(b) establishes when an assessment of tax liabilities may be made with respect to a taxpayer who has sought relief both here and in the bankruptcy court.  In all events, section 6871(b) does not purport to establish when respondent must assess the taxes.  That limitation is set forth in section

6503(a).  Specifically, section 6503(a) provides that the
limitations period

> shall * * * be suspended for the period during which
> the Secretary is prohibited from making the assessment
> or from collecting by levy or a proceeding in court
> (<u>and in any event, if a proceeding in respect of the
> deficiency is placed on the docket of the Tax Court,
> until the decision of the Tax Court becomes final</u>), and
> for 60 days thereafter. [Emphasis added.]

The result of the statutory design is that, even when the
bankruptcy court has determined liabilities that are also at
issue in a case before this Court, while an assessment may be
made earlier, the time within which respondent must assess those
liabilities is suspended until the decision of this Court
"becomes final".[6]

Petitioner relies on <u>Valley Die Cast Corp. v. Commissioner</u>,
T.C. Memo. 1983-103.  In that case, decided under the old
Bankruptcy Act and before the Bankruptcy Code was enacted

---

[6]     The Internal Revenue Code describes the finality of our
decisions in considerable detail.  Sec. 7481(a) provides that  a
decision of the Tax Court shall become final "Upon the expiration
of the time allowed for filing a notice of appeal, if no such
notice has been duly filed within such time".  Sec. 7483 provides
that "Review of a decision of the Tax Court shall be obtained by
filing a notice of appeal with the clerk of the Tax Court within
90 days after the decision of the Tax Court is entered."  Putting
secs. 7481(a) and 7483 together, a decision of the Tax Court (if
unappealed) becomes "final" for purposes of sec. 7481, and hence
"final" within the meaning of sec. 6503(a), 90 days after the
decision is entered.  Additionally, our Rules provide that a
decision may be based upon a dismissal.  Rule 123(d) provides
that "A decision rendered upon a default or in consequence of a
dismissal, other than a dismissal for lack of jurisdiction, shall
operate as an adjudication on the merits."

(Bankruptcy Reform Act of 1978, Pub. L. 95-598, 92 Stat. 2549), we held that where a bankruptcy court had decided all the issues that were before the Tax Court and the taxes had been assessed, the case should be dismissed for lack of "jurisdiction". In reaching this result we relied upon Comas, Inc. v. Commissioner, 23 T.C. 8 (1954). To understand the holdings in these cases, it is necessary to also understand the statutory context in which they arise. Prior to the Bankruptcy Tax Act of 1980, Pub. L. 96-589, 94 Stat. 3389, section 6871 (26 U.S.C. sec. 6871 (1976)), provided, inter alia,

> (a) Immediate Assessment.--Upon the adjudication of bankruptcy of any taxpayer in any liquidating proceeding * * * any deficiency * * * shall, despite the restrictions imposed by section 6213(a) upon assessments, be immediately assessed * * * in accordance with law.

> (b) Claim Filed Despite Pendency of Tax Court Proceeding.--In the case of a tax * * * claims for the deficiency * * * may be presented, for adjudication * * * to the court before which the bankruptcy * * * proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Tax Court * * *. [Emphasis added.]

The result in both Valley Die Cast Corp. and Comas, Inc. was based on the peculiarities of the old Bankruptcy Act and the pre-1980 version of section 6871 that are summarized in 1A Collier, Collier on Bankruptcy, par. 8.02, at 8-5 (15th ed. 1996):

> Once a bankruptcy case was filed, there was no automatic stay, and the IRS had the power to assess income tax liabilities against the bankrupt. This concept of immediate assessment was detrimental to the bankrupt taxpayer because it took away the power of the Tax Court to pass on tax issues. After immediate assessment the Tax Court had no jurisdiction over the bankrupt's tax

liabilities.  The bankrupt's right to invoke the jurisdiction of the bankruptcy court was available after immediate assessment of tax by the IRS, but the ruling of the bankruptcy court had a limited effect on the IRS.  The IRS could proceed after the immediate assessment of the tax to collect the tax by levy and distraint on the bankrupt's property and could seize and sell assets in which the bankrupt had an interest.

As the court in Abel v. Campbell, 334 F.2d 339, 341 (5th Cir. 1964), explained, the pre-1980 section 6871 was meant to take jurisdiction of a pending case from the Tax Court.

> once a tax claim has been asserted and allowed in a bankruptcy proceeding * * * neither the language of the Code nor the sense of the situation suggests that any of the procedure of section 6213 again becomes prerequisite to the establishment and collection of that particular tax liability. [Id. at 342, quoting Cohen v. Gross, 316 F.2d 521, 523 (3d Cir. 1963)].

This results, however, from the pre-1980 version of section 6871 and the intricacies of the Bankruptcy Act.  On the other hand, the present Bankruptcy Code merely stays Tax Court proceedings while the case is processed by the bankruptcy court. See 11 U.S.C. sec. 362(a)(8), (c)(2)(C).  Thereafter, the rules of res judicata are applicable as discussed infra.

Furthermore, even if this Court lacked subject matter jurisdiction, that fact would not affect the suspension of the period of limitations for assessment.  There was still a petition before this Court with respect to the deficiencies for 1978, 1981, and 1982.  Consequently, the period of limitations under section 6503(a) was still tolled.  Green Spring Dairy v. Commissioner, 208 F.2d 471 (4th Cir. 1953), affg. 18 T.C. 217

(1952); <u>American Equitable Assur. Co. of New York v. Helvering</u>, 68 F.2d 46 (2d Cir. 1933), affg. 27 B.T.A. 247 (1932); <u>Eversole v. Commissioner</u>, 46 T.C. 56 (1966).

In sum, this Court still has jurisdiction over this case, and the period of limitations on making an assessment has not run. We turn next to the proper disposition of the case.

<u>Res judicata</u>

For purposes of our discussion here, the term "res judicata" encompasses total res judicata or claim preclusion and partial res judicata or issue preclusion. See <u>Hemmings v. Commissioner</u>, 104 T.C. 221, 231 (1995), and cases cited therein. "[C]laim preclusion prevents a party from asserting a claim that has been, or should have been, the subject of prior litigation." <u>Id</u>. at 231. Issue preclusion is "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action * * *." <u>Id.</u> at 235 (quoting 1 Restatement, Judgments 2d, sec. 27 (1982)). We need not differentiate between the two concepts here since all of the issues were before the bankruptcy court.[7]

---

[7] The meaning and scope of the doctrine of res judicata has been described by the Supreme Court as follows:

The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations.

(continued...)

In this case, under 11 U.S.C. sec. 505(a), the bankruptcy court determined the liability of petitioner for the Federal taxes and additions to tax asserted in respondent's notice of deficiency and in respondent's amended proofs of claim. Petitioner did not dispute the underlying deficiencies, and the court rejected the only opposition raised by petitioner to respondent's claims when it found that petitioner was not an "innocent spouse".

Petitioner's motion is based upon the premise that the bankruptcy court has resolved every issue in the matter before us. From this record, we agree with that premise in general. But, petitioner then argues that the bankruptcy court's determination of these matters terminated the jurisdiction of this Court.

The doctrine of res judicata "operates not as a jurisdictional bar but by way of estoppel." Jefferson v. Commissioner, 50 T.C. 963, 966 (1968). "This characteristic of

---

⁷(...continued)
The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. [Commissioner v. Sunnen, 333 U.S. 591, 597 (1948); citations omitted.]

an affirmative defense is antithetical to the principle that questions concerning the Court's jurisdiction can be raised at any time, even after the case is tried and briefed, and even by the Court sua sponte." Gustafson v. Commissioner, 97 T.C 85, 90 (1991) (citing Smith v. Commissioner, 96 T.C. 10, 13-14 (1991); Kahle v. Commissioner, 88 T.C. 1063 n.3 (1987)).

As our discussion indicates, however, there appears to be little reason to continue this case. The bankruptcy court has decided all issues of fact and law, and we are bound to those findings by the principle of res judicata. That court expunged the liability for 1978 and the additions to tax for 1978, 1981, and 1982. It further held that petitioner was liable for the deficiencies for 1981 and 1982. Consistent with the order of the bankruptcy court, Mr. Freytag and respondent have filed a stipulation of settled issues in which it is agreed that there is no deficiency for 1978; there are no additions to tax for the years 1978, 1981, and 1982; and there are deficiencies in the amounts of $53,598 and $36,901 for the years 1981 and 1982, respectively.

In view of the foregoing,

<u>An Order and Decision will be entered denying petitioner's motion for summary judgment, and the decision entered will be consistent with the order of the bankruptcy court</u>.