T.C. Memo. 1998-201

UNITED STATES TAX COURT

TIMOTHY S. BRUMLIK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

TIMOTHY S. BRUMLIK AND PATRICIA A. BRUMLIK, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 21393-90, 21394-90.        Filed June 2, 1998.

Burton L. Bruggeman, for petitioners.

Benjamin A. de Luna, for respondent.

MEMORANDUM OPINION

PARR, Judge:    These consolidated cases are before the Court
on respondent's motions for summary judgment filed on December

18, 1997, pursuant to Rule 121.[1]  The issue for decision is whether the doctrine of res judicata applies so as to preclude petitioners from litigating the deficiencies determined by respondent in this Court.  Respondent, in the notices of deficiency, dated June 28, 1990, determined deficiencies and additions to tax as follows:[2]

|  |  | Additions to Tax |  |  |  |  |  |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6653(a)(1)[2] | Sec. 6653(a)(2) | Sec. 6653(b)(1) | Sec. 6654 | Sec. 6661 |
| 1985 | $83,708 | $20,927 | $4,185 | $20,891 | --- | --- | $20,318 |
| 1986 | 846,527 | --- | 42,326 | 160,465 | --- | --- | 210,621 |
| 1987 | 467,494 | --- | 23,375 | 58,891 | --- | --- | 116,874 |
| 1988 | 1,578,324 | 74,581 | 64,916 | --- | $210,000 | $86,230 | 144,581 |

[1] For 1986 and 1987, sec. 6653(a)(1)(A).
[2] For 1986 and 1987, sec. 6653(a)(1)(B).

On September 24, 1990, petitioners filed petitions for a redetermination of the deficiencies and additions to tax for the taxable years in issue.  Respondent filed answers to the petitions on November 5, 1990.

On April 9, 1991, petitioners filed a petition in the U.S. Bankruptcy Court for the Middle District of Georgia.  The case

---

[1]    All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]    Docket No. 21394-90 refers to 1985 through 1987, and the notice of deficiency is asserted against Timothy and Patricia Brumlik.  Docket No. 21393-90 refers to 1988 and the notice of deficiency is asserted against Timothy Brumlik.

was subsequently transferred to the U.S. Bankruptcy Court for the Middle District of Florida (the Bankruptcy Court).

On August 14, 1991, respondent filed in petitioners' bankruptcy proceeding a proof of claim and on August 23, 1991, respondent filed an amended proof of claim on behalf of the United States reflecting respondent's determination of petitioners' Federal income tax liabilities for the years in issue.[3] Respondent notified this Court of the bankruptcy proceedings, and pursuant to 11 U.S.C. sec. 362(a)(8)(1994) (Bankruptcy Code), this Court on May 17, 1991, stayed all proceedings in these cases (the automatic stay).

On November 13, 1991, petitioners filed with the Bankruptcy Court an objection to respondent's proof of claim and a complaint for an adversary hearing regarding respondent's proof of claim. On January 31, 1992, a chapter 11 trustee (the trustee) was appointed to replace petitioners as the debtor-in-possession. On July 7, 1992, the Bankruptcy Court held an adversarial hearing (the hearing), inter alia, on petitioners' objection to respondent's proof of claim. On July 23, 1992, at the conclusion the hearing, the Bankruptcy Court announced its oral findings. On May 7, 1993, based on the evidence submitted to the Bankruptcy Court at the July 7, 1992, hearing, the Bankruptcy Court entered

---

[3]    The proof of claim filed by respondent included the taxable years 1985 through 1988, which are the years in issue in the instant cases, as well as 1984, 1989, and 1990, which years are not before this Court.

an order sustaining in part and overruling in part the objection to respondent's proof of claim, allowing respondent a claim in the total amount of $1,357,618.07. The order was modified and revised on September 16, 1993, whereby respondent's proof of claim was sustained in the amount of $1,399,945.07.[4]

On September 23, 1993, respondent filed with the U.S. District Court for the Middle District of Florida (the District Court) an appeal from portions of the Bankruptcy Court's September 16, 1993, order which granted the trustee's objections to respondent's claims for Federal income tax liabilities. Respondent filed a second notice of appeal on October 12, 1993, and on October 19, 1993, the trustee cross-appealed. Petitioners appealed from an order of the Bankruptcy Court which denied their motion to alter and amend on the ground that it was made pro se when they had counsel of record.

On July 3, 1995, respondent notified this Court that the Bankruptcy Court had lifted the automatic stay, as a discharge was granted on June 19, 1995. On July 7, 1995, we lifted the stay of proceedings in the instant cases and restored them to the general docket for trial. On February 9, 1996, respondent filed motions to continue the Tax Court proceedings herein on the ground that petitioners would be precluded from relitigating

---

[4] Of the $1,399,945.07 total amount, $1,161,430 represents the amount allowed to respondent for 1985 through 1988.

these cases once the Bankruptcy Court's order became final.  We granted respondent's motion to continue on February 16, 1996.

On April 5, 1996, the District Court affirmed the Bankruptcy Court's September 16, 1993, order and the order denying petitioners' motion to alter and amend.  On May 7, 1996, petitioners filed a notice of appeal to the Court of Appeals for the Eleventh Circuit (the Eleventh Circuit).  Respondent filed a notice of appeal on or about June 7, 1996, which was voluntarily dismissed on or about June 27, 1996.  On February 12, 1997, the Eleventh Circuit held that petitioners' appeal from that portion of the District Court's April 5, 1996, order was timely and could proceed.  On August 1, 1997, the Eleventh Circuit dismissed petitioners' appeal for lack of prosecution, and the judgment became final on October 30, 1997.

On December 18, 1997, respondent, relying on the doctrine of res judicata, filed summary judgment motions in these cases. Pursuant to this Court's orders dated December 22, 1997, petitioners were directed to file, on or before January 30, 1998, responses to the summary judgment motions.  At petitioners' request we extended their time to file responses to April 7, 1998.  On April 16, 1998, petitioners moved for a further extension of time, which we denied.  Petitioners never filed a response.

Summary judgment is proper when the record shows "that there is no genuine issue as to any material fact and that a decision

may be rendered as a matter of law."  Rule 121(b).  On the record before us, there is no genuine issue as to any material fact, and summary judgment should be granted.

The Supreme Court in Commissioner v. Sunnen, 333 U.S. 591, 597 (1948), explained that the doctrine of res judicata is one of judicial economy that, in general, prevents parties involved in prior litigation from relitigating a cause of action once a final judgment on the merits of the cause of action is rendered by a court of competent jurisdiction.  See also Freytag v. Commissioner, 110 T.C. 35, 44-45 & n.7 (1998) (if the bankruptcy court first decides the common tax issue, its decision is to be binding upon this Court under principles of res judicata).

Petitioners and respondent both were parties in the litigation before the Bankruptcy Court.  Moreover, on at least two occasions, petitioners represented to the Bankruptcy Court that they agreed to be bound by its final order.  The Bankruptcy Court had jurisdiction to determine petitioners' Federal income tax liabilities for the years in issue, and it did so.  The Bankruptcy Court's order, dated September 16, 1993, allowing respondent's claims and setting out the specific amounts of Federal income taxes owed by petitioners for each of the years in issue, constituted a final and appealable judgment.  Florida Peach Corp. v. Commissioner, 90 T.C. 678, 682-683 (1988).  Petitioners appealed to the District Court and then to the Eleventh Circuit.  The Eleventh Circuit's dismissal of the appeal

rendered the decision of the Bankruptcy Court final for essentially all purposes.  McQuade v. Commissioner, 84 T.C. 137, 140 (1985).

Once the order of the Bankruptcy Court becomes final with respect to respondent's tax claims, generally neither the amount, nor the validity of the Bankruptcy Court's order is subject to review or reconsideration by this Court, McQuade v. Commissioner, supra at 145.

Accordingly, the doctrine of res judicata is controlling in the instant cases, and respondent's motions for summary judgment will be granted.

To reflect the foregoing,

Appropriate orders and decisions will be entered granting respondent's motions for summary judgment.