T.C. Memo. 2000-4

UNITED STATES TAX COURT

LOY ROBERT BOST III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8259-99.                          Filed January 6, 2000.

Loy Robert Bost III, pro se.

<u>Steven M. Webster</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's 1996 Federal income tax in the amount
of $4,434.

The issue is whether wages and a pension distribution are taxable under section 61.[1]  Petitioner resided in Hickory, North Carolina, at the time the petition was filed.

Respondent determined that petitioner received wages of $31,808 and a pension distribution of $1,270 from a so-called section 401(k) retirement account during 1996, and petitioner has stipulated these facts.  Petitioner raises two arguments.  First, he contends that this Court does not have jurisdiction to resolve the matter.  We have frequently stated that the predicates to our jurisdiction are that a valid notice of deficiency is mailed to the taxpayer at his last known address and a timely petition is filed in this Court.  See secs. 6612, 6213, Rule 13; see also Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984).  That jurisdiction is in personam.  See Freytag v. Commissioner, 110 T.C. 35, 39 (1998).  In this case a valid notice of deficiency was mailed to petitioner at his last known address, and petitioner timely filed a petition in this Court.  This Court, therefore, has jurisdiction.

Petitioner's second argument is that wages or compensation for labor and the pension distribution are not taxable income.

---

[1]  Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

This argument is frivolous.  See secs. 61, 72, 402(a); see also Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983).

Respondent asks that a penalty be imposed under section 6673.  That section provides, inter alia, that if it appears to this Court that "the taxpayer's position * * * is frivolous or groundless", the Court may impose a penalty in an amount not in excess of $25,000.  Sec. 6673(a).  This Court cautioned petitioner at the calendar call and at the trial that the positions he espoused were frivolous and warned him of the provisions of section 6673.  Petitioner did not heed these warnings.  We therefore award a penalty to the United States against petitioner in the amount of $1,500.

An appropriate order and decision will be entered.