T.C. Memo. 2015-26

UNITED STATES TAX COURT

RICHARD E. SNYDER AND MARION B. SNYDER, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

RICHARD E. SNYDER AND MARION SNYDER, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 8740-13L, 7701-14L.          Filed February 18, 2015.

<u>Richard E. Snyder</u>, pro se.

<u>Harry J. Negro</u> and <u>Bradley C. Plovan</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  These cases arise from respondent's efforts to collect
petitioners' income tax liabilities for 1988 and 1989 by levy.  The liabilities are
the end result of lengthy litigation in bankruptcy court that preceded the collection
effort.  Before us is respondent's motion for summary judgment in each of these

**[\*2]** consolidated cases.  For the reasons herein, we will grant respondent's motion.  Seven issues raised in the petitions, as amended, are to be decided in these cases as follows:

(1) whether the periods of limitations for assessment for the years 1988 and 1989 expired before the issuance of the notice of deficiency;

(2) whether petitioner Marion B. Snyder is entitled to relief from joint and several liability for the years 1988 and 1989;

(3) whether respondent's assessments on July 23, 2007, for the years 1988 and 1989 were valid;

(4) whether overpayments determined by the bankruptcy court for prior years have been properly applied under section 6330(c)(2)(A)[1] for the years 1988 and 1989;

(5) whether petitioners are entitled to an overpayment credit to offset the liabilities for the years subject to collection;

(6) whether a notice and demand for payment was issued; and

(7) whether petitioners may challenge the underlying liabilities.

---

[1]Unless otherwise indicated all section references are to the Internal Revenue Code in effect at the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**                                    Background

Petitioners were residents of Maryland at the time the petitions were filed.

On September 25, 1997, respondent mailed petitioners a notice of deficiency for

the years 1988 and 1989.  On December 23, 1997, petitioners filed a petition with

the Tax Court in response to the notice of deficiency, which was assigned docket

No. 24568-97.  The case was scheduled for trial during the trial session beginning

on March 15, 1999, at Washington, D.C.; however, petitioners filed a voluntary

chapter 13 petition on that day in the U.S. Bankruptcy Court for the District of

Maryland at case No. 99-53312.  As a result, the Tax Court proceedings were

stayed.  See 11 U.S.C. sec. 362(a)(8) (2012).

In their bankruptcy case, petitioners initiated an adversary proceeding

asking the bankruptcy court to determine their income tax liabilities for 1988 and

1989.  On April 18, 2003, the bankruptcy court issued an order concerning, among

other things, petitioners' income tax liabilities for 1988 and 1989.  Petitioners

appealed the bankruptcy court's order to the U.S. District Court for the District of

Maryland.  In September 2005 the District Court remanded the case to the

bankruptcy court for further consideration.  See Snyder v. IRS, 337 B.R. 542 (D.

Md. 2005).

[*4]  On October 30, 2006, the bankruptcy court entered an order on remand determining, in part, that:

(1) petitioners were liable for income tax of $90,836.94 and an addition to tax pursuant to section 6653(a) of $3,010 for the year 1988;

(2) petitioners were liable for income tax of $46,795 and a penalty pursuant to section 6662 of $9,359 for the year 1989;

(3) the notice of deficiency for the years 1988 and 1989 was timely and proper.

On January 29, 2007, petitioners appealed the bankruptcy court's order to the U.S. District Court for the District of Maryland (civil case No. 07-cv-00255). On March 8, 2007, the District Court affirmed the bankruptcy court's order. Petitioners appealed the District Court's decision to the U.S. Court of Appeals for the Fourth Circuit, which affirmed the judgment of the District Court on September 18, 2007.  Snyder v. IRS, 241 Fed. Appx. 984 (4th Cir. 2007).

Because petitioners' tax liabilities for 1988 and 1989 were determined in the bankruptcy court, the Tax Court was required by res judicata to enter a decision consistent with the bankruptcy court's findings.  On May 11, 2007, the Tax Court issued an order and decision with respect to the case at docket No. 24568-97 deciding that:

**[*5]**   (1) petitioners had a deficiency in income tax of $90,836.94 and are liable for an addition to tax pursuant to section 6653(a) of $3,010 for the year 1988; and

(2) petitioners had a deficiency in income tax of $46,795 and are liable for a penalty pursuant to section 6662 of $9,359 for the year 1989.

The present cases are before us after petitioners timely sought review of notices of determination.

## Discussion

A party may move for summary judgment "if there is no genuine issue of material fact and a decision may be rendered as a matter of law." Moore v. Commissioner, T.C. Memo. 2007-156, slip op. at 7.  The burden of demonstrating that there is no genuine dispute of material fact is on the moving party, and facts are viewed in the light most favorable to the nonmoving party.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). When a motion for summary judgment is made and is properly supported by affidavits, the nonmoving party may not rely upon mere allegations or denials but must by affidavit or otherwise set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d).

Petitioners raised four issues in their petitions and three additional issues at the hearing on petitioners' motion for summary judgment held in Washington,

[*6] D.C., on September 24, 2014.  Petitioners' motion for summary judgment was denied, and respondent subsequently filed the motion now before us.  Respondent contends he is entitled to summary judgment on each of these issue.  For the reasons discussed below, we agree.

1.    Timeliness of the Notice of Deficiency as Res Judicata

The doctrine of res judicata dictates that when a final judgment is entered by a court of competent jurisdiction on the merits of a cause of action, the parties and their privies are bound by that decision as to all matters that were or could have been litigated and decided in the proceeding.  Commissioner v. Sunnen, 333 U.S. 591, 597 (1948).  Federal income taxes are determined annually with each year a separate cause of action; therefore, res judicata bars subsequent proceedings involving the same tax year.  Id. at 598.

If a taxpayer files a bankruptcy petition after the Tax Court acquires jurisdiction over a case, the Tax Court proceeding is stayed.  11 U.S.C. sec. 362(a) (2012).  Generally, the bankruptcy court has jurisdiction to determine the amount or legality of any tax, penalty relating to a tax, or addition to tax.  Id. sec. 505(a); United States v. Wilson, 974 F.2d 514, 516-517 (4th Cir. 1992); Freytag v. Commissioner, 110 T.C. 35, 40 (1998).  After the bankruptcy court has determined the tax liability, the Tax Court still retains jurisdiction over the case; however, the

[*7] Tax Court is bound by the doctrine of res judicata to enter a decision consistent with the bankruptcy court's findings. Freytag v. Commissioner, 110 T.C. at 41.

On December 23, 1997, petitioners filed a petition with the Tax Court at docket No. 24568-97 seeking redetermination of the determinations in the notice of deficiency for the years 1988 and 1989. After filing their petition in the Tax Court, petitioners filed a voluntary chapter 13 petition in the U.S. Bankruptcy Court for the District of Maryland. In the course of their bankruptcy proceeding, petitioners filed an adversary complaint requesting the bankruptcy court to redetermine their tax liabilities for 1988 and 1989. As part of petitioners' adversary proceeding, on October 30, 2006, the bankruptcy court issued an order on remand, determining, among other things, petitioners' income tax liabilities for 1988 and 1989 and that the notice of deficiency for the years 1988 and 1989 was timely and proper.[2]

There is no question that petitioners and respondent were the parties to the prior litigation before the bankruptcy court regarding petitioners' income tax liabilities for the years 1988 and 1989. It is also clear that the bankruptcy court

---

[2]In paragraph 2(d) of its order on remand, dated October 30, 2006, the bankruptcy court determined that the notice of deficiency was timely and proper.

**[*8]** entered a valid final judgment on the merits. Thus, the timeliness of the notice of deficiency for the years 1988 and 1989 became res judicata pursuant to petitioners' prior bankruptcy proceeding. In addition, the Tax Court has already applied the doctrine of res judicata for petitioners' 1988 and 1989 tax years. The proceedings in the case at docket No. 24568-97 were stayed because petitioners filed a bankruptcy court petition. Since petitioners' tax liabilities for 1988 and 1989, as well as the validity of the notice of deficiency, were determined by the bankruptcy court, the Tax Court was bound by the doctrine of res judicata to enter a decision consistent with that of the bankruptcy court. See id. Accordingly, on May 11, 2007, the Tax Court entered an order and decision in the case at docket No. 24568-97 determining that petitioners' deficiencies and penalties for the years 1988 and 1989 were in the amounts set forth in the bankruptcy court's order dated October 30, 2006.

Accordingly, petitioners are precluded by the doctrine of res judicata from challenging the timeliness and validity of the notice of deficiency for the years 1988 and 1989 in these cases.

2.    Innocent Spouse Relief

The issue of whether the doctrine of res judicata precludes petitioner Marion Snyder from relief from joint and several liability for the years 1988 and 1989 has

**[*9]** already been decided by the Tax Court. On August 28, 2008, petitioners filed a petition with the Tax Court at docket No. 21267-08 seeking, among other things, relief from joint and several liability for Marion Snyder for the years 1988 and 1989. Respondent filed a motion for partial summary judgment pursuant to Rule 121 pertaining to Marion Snyder's claim for relief from joint and several liability. The Tax Court issued an opinion determining that Marion Snyder was barred by the doctrine of res judicata from raising a claim for relief from joint and several liability in the Tax Court for the years 1988 and 1989 because she had raised the claim in her earlier bankruptcy proceeding. Snyder v. Commissioner, T.C. Memo. 2001-6. Accordingly, petitioner Marion Snyder cannot claim relief from joint and several liability for the years 1988 and 1989 in these proceedings.

3.     Respondent's Assessments for 1988 and 1989

On May 11, 2007, the Tax Court entered an order and decision in the case at docket No. 24568-97 for petitioners' deficiencies and penalties for the years 1988 and 1989. Respondent assessed the deficiencies and penalties for the years 1988 and 1989 on July 23, 2007, 73 days later. Petitioners assert that the assessments for 1988 and 1989 were invalid because they were made before the 90-day prohibition period under section 6213(a) expired. Petitioners are mistaken.

[*10] Petitioners' deficiencies and penalties for the years 1988 and 1989 were properly assessed under section 6871(b).

If the Secretary determines that there is a deficiency, he is authorized to send a notice of such deficiency to the taxpayer by certified or registered mail. Sec. 6212(a). The taxpayer has 90 days (or 150 days if the notice is addressed to a person outside the United States) to petition the Tax Court for redetermination of the deficiency. Sec. 6213(a).

Under section 6213(a), if a petition has been filed with the Tax Court, no assessment of a deficiency can be made until the decision of the Tax Court has become final. The decision of the Tax Court does not become final until after the expiration of the 90-day appeal period. Secs. 7481(a)(1), 7483. However, not all assessments are made pursuant to section 6213(a). An assessment made pursuant to section 6871(b) may be made before the expiration of the 90-day appeal period.

Section 6871(b) provides, in part, that any deficiency with respect to income tax (together with all interest, additional amounts, and additions to tax provided by law) determined by the Secretary may be assessed immediately, despite the restrictions imposed by section 6213(a) on assessments, if liability for the tax has become res judicata pursuant to a determination in a bankruptcy case under title 11 of the United States Code. See Freytag v. Commissioner, 110 T.C. 35. Thus,

[*11] when a tax liability is determined by the bankruptcy court, the restrictions imposed on assessment by section 6213(a) do not apply, including the restriction that the Commissioner wait until the 90-day appeal period expires before making an assessment. Sec. 6871(b).

Petitioners' deficiencies and penalties for the years 1988 and 1989 became res judicata pursuant to the determination in their adversary proceeding.

Accordingly, on May 11, 2007, the Tax Court entered a decision consistent with the bankruptcy court's findings for the years 1988 and 1989. Since petitioners' income tax liabilities for the years 1988 and 1989 were res judicata pursuant to their bankruptcy court proceeding, the assessment restrictions under section 6213(a) did not apply. Consequently, respondent did not need to wait for the 90-day appeal period to expire and was authorized to immediately assess the deficiencies and penalties for the years 1988 and 1989 under section 6871(b). On July 23, 2007, respondent made his assessment as authorized.

The pendency of an appeal does not suspend operation of a final judgment for the purposes of res judicata except when the appeal review constitutes a de novo trial. Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 188-189 (1941); Smith v. SEC, 129 F.3d 356, 362 n.7 (6th Cir. 1997) ("The fact that Smith has an appeal of that judgment pending does not deprive the judgment

**[\*12]** of res judicata effect."); <u>Amcast Indus. Corp. v. Detrex Corp.</u>, 45 F.3d 155 (7th Cir. 1995); <u>United States v. Int'l Bhd. of Teamsters</u>, 905 F.2d 610 (2d Cir. 1990); <u>Tripati v. Henman</u>, 857 F.2d 1366 (9th Cir. 1988); <u>Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.</u>, 510 F.2d 272 (5th Cir. 1975); <u>E.I. Du Pont de Nemours & Co. v. Richmond Guano Co.</u>, 297 F. 580, 583 (4th Cir. 1924).

On March 8, 2007, the District Court affirmed the bankruptcy court's order denying petitioners' motion to reconsider the bankruptcy court's order on remand dated October 30, 2006. Petitioners appealed the District Court's determination to the Court of Appeals for the Fourth Circuit, which affirmed the District Court's determination on September 18, 2007.

The District Court and Court of Appeals reviews of the bankruptcy court's order on remand were not de novo. Consequently, the pendency of petitioners' appeal to the District Court and later to the Court of Appeals did not suspend operation of a final judgment for the purposes of res judicata. <u>Huron Holding Corp.</u>, 312 U.S. at 188-189; <u>Smith</u>, 129 F.3d at 362 n.7. Petitioners' tax liabilities for the years 1988 and 1989 became res judicata with the bankruptcy court's order on remand, dated October 30, 2006.

The Tax Court was bound by the doctrine of res judicata to enter a decision that was consistent with petitioners' bankruptcy court determination. <u>Freytag v.</u>

[*13] <u>Commissioner</u>, 110 T.C. at 40-41.  On May 11, 2007, the Tax Court entered an order and decision pursuant to the doctrine of res judicata finding that petitioners' deficiencies and penalties for the years 1988 and 1989 were as determined by the bankruptcy court.  Even though an appeal in the Fourth Circuit may have been pending, the bankruptcy court determination was certainly res judicata on the date the Tax Court entered its decision.

Petitioners' pending appeal in the Fourth Circuit did not affect the finality of the bankruptcy court's determinations for the purposes of res judicata.  Accordingly, respondent's July 23, 2007, assessments of petitioners' deficiencies and penalties for the years 1988 and 1989, as determined by the Tax Court, were valid pursuant to section 6871(b).

In certain filings with the Court, petitioners have suggested that the assessments for the years 1988 and 1989 are invalid because the Internal Revenue Service (IRS) did not follow certain procedures in the Internal Revenue Manual (e.g., for "quick assessments").  Petitioners' contention is misplaced.  The Internal Revenue Manual binds neither the IRS nor this Court.  The "Internal Revenue Manual does not have the force of law, is not binding on the IRS, and confers no rights on taxpayers." <u>Matthews v. Commissioner</u>, T.C. Memo. 2008-126, slip op. at 27.  "It is well settled * * * that the provisions of the manual are directory rather

**[*14]** than mandatory, are not codified regulations, and clearly do not have the force and effect of law." Marks v. Commissioner, 947 F.2d 983, 986 n.1 (D.C. Cir. 1991), aff'g T.C. Memo. 1989-575. Petitioners' reliance on the Internal Revenue Manual is misplaced and is not relevant to this Court's determination. Petitioners' tax liabilities were legally assessed pursuant to section 6871(b).

4.     Application of Overpayments

In a case brought under section 6330, a court-determined overpayment or credit from a  year not subject to the collection action may be an "available" credit that can be taken into account under section 6330(c)(2) (A) to determine whether the liability at issue remains unpaid and whether the IRS can proceed with collection. Weber v. Commissioner, 138 T.C. 348, 371-372 (2012); see Precision Prosthetic v. Commissioner, T.C. Memo. 2013-110, at *3. A court-determined overpayment or credit is "available" if it has not been refunded or applied to any other liability. Weber v. Commissioner, 138 T.C. at 371-372.

The bankruptcy court determined that petitioners had an overpayment of $40,251 for the year 1987. At the time petitioners filed the petitions in these cases, petitioners' transcripts did not reflect the $40,251 overpayment for the year 1987. Respondent has since applied the $40,251 overpayment for the year 1987

**[\*15]** for petitioners' 1988 tax year. The $40,251 overpayment was applied for the 1988 tax year in two amounts as follows: $33,231.24 + $7,019.76 = $40,251.

The $40,251 overpayment for 1987 was applied for the 1988 tax year as of April 15, 1989, the due date for the 1988 tax. See secs. 6072, 6151; sec. 1.6151-1, Income Tax Regs. Because the payments were applied as of their due date, respondent concedes no interest accrues on petitioners' 1988 income tax liability to the extent of the payment.

In addition, petitioners' transcript for the year 1988 reflected total payments and credits of $25,000 instead of the $30,622 determined by the bankruptcy court (a difference of $5,622). To comply with the bankruptcy court's determination, respondent abated $5,622 of income tax for the year 1988. This abatement of tax relates back to the date the tax was assessed. Consequently, respondent concedes no interest will accrue because of the difference between the credits determined by the bankruptcy court and those reflected in the transcript.

The bankruptcy court's findings in its order dated October 30, 2006, for the years 1987 through 1989 have been fully accommodated, including applying the 1987 overpayment of $40,251 for the 1988 tax year. After these adjustments, petitioners still have a balance due for the 1988 tax year exceeding $135,400, as of November 10, 2014. Also, there is no further overpayment or credit that is

[*16] "available" to reduce or offset petitioners' 1989 tax liability. Petitioners have not paid their tax liability for the year 1989 and have a balance due exceeding $297,700 for that year, as of November 10, 2014.

The overpayments and credits determined by the bankruptcy court have been fully applied to petitioners' accounts and there still remains a balance due for each of the years 1988 and 1989.

5.    Interest

As discussed in section 4, the $40,251 overpayment for 1987 was applied for the 1988 tax year as of the due date for paying the 1988 tax. Accordingly, no interest accrues on petitioners' 1988 income tax liability to the extent of the payment. In addition, the $5,622 abatement of income tax for the year 1988 relates back to the assessment date, causing any related interest to be abated.

6.    Notice and Demand for Payment

In one of their interrogatories to respondent in the case at docket No. 8740-13L, petitioners inquired when the notice for the assessment made by respondent on July 23, 2007 was sent, to what address it was sent, and whether it included a Form 3552, Notice of Tax Due on Federal Tax Return.

Respondent's certified transcripts for petitioners' taxable years 1988 and 1989 show that Statutory Notices of Balance Due (assessment notices) were sent

**[\*17]** to petitioners on July 23 and August 27, 2007. The certified transcripts are afforded a presumption of correctness. Craig v. Commissioner, 119 T.C. 252, 262-264 (2002); Battle v. Commissioner, T.C. Memo. 2009-171.

7.     The Underlying Income Tax Liability for 1989

At the motion hearing on September 24, 2014, petitioners challenged the income tax liability determined by the bankruptcy court and the Tax Court for 1989. Petitioners base their challenge primarily on the statements of the attorney for the United States during a May 14, 2001, hearing in petitioners' adversary proceeding. The transcript of that hearing shows that during the proceeding the attorney for the United States stated that "item 15" is resolved by allowing petitioners a $109,663 ordinary loss "as claimed." On the basis of this statement, petitioners contend that their taxable income for 1989 should be reduced by $109,663 and that the deficiency and liability for that year should be recomputed.[3]

Contrary to petitioners' interpretation of the transcript, the attorney for the United States did not say that taxable income should be adjusted. The parties appear to have agreed that there was a $109,663 loss claimed by petitioners on their return that would be accepted as reported. Thus, there would be no

---

[3]Petitioners make similar claims based on the bankruptcy court transcript for lesser amounts.

**[*18]** adjustment relating to that item when computing petitioners' income tax liability. If the loss was already claimed on petitioners' return, taxable income should not be reduced by $109,663 as petitioners suggest. Further, the agreed loss would have been incorporated into the bankruptcy court's determination of petitioners' 1989 income tax liability.

Importantly, the transcript of the bankruptcy court hearing does not show that the bankruptcy court determined a definitive and independently identifiable credit for the year 1989 that remains unapplied. It lends no support to petitioners' apparent contention that respondent failed to apply a credit or payment against their 1989 tax liability.

Even if it could be shown that the tax computations underlying the bankruptcy court's determinations did not include the loss in question, petitioners are nevertheless precluded from recomputing their deficiency and penalty for the year 1989 for two independent reasons. Petitioners are barred under the doctrine of res judicata from challenging their underlying income tax liability for the year 1989. Petitioners are also precluded from challenging the existence and amount of their underlying liability for the year 1989 under section 6330(c)(2)(B) because they received a notice of deficiency.

**[\*19]** a.     Petitioners' 1989 Liability as Res Judicata

On October 30, 2006, the bankruptcy court determined that petitioners had a deficiency of $46,795 and an accuracy-related penalty pursuant to section 6662(a) of $9,359 for the year 1989.

Petitioners and respondent were parties to the prior litigation before the bankruptcy court regarding petitioners' income tax liability for the year 1989. The bankruptcy court entered a valid final judgment on the merits determining that liability. Petitioners' income tax liability for the year 1989 became res judicata pursuant to petitioners' prior bankruptcy proceeding. Commissioner v. Sunnen, 333 U.S. at 597.

Consequently, on May 11, 2007, the Tax Court entered an order and decision consistent with bankruptcy court's determinations finding that petitioners had a deficiency of $46,795 and an accuracy-related penalty pursuant to section 6662(a) of $9,359 for the year 1989. Just as in the Court's determination of May 11, 2007, the doctrine of res judicata precludes petitioners from challenging their income tax liability for the year 1989.

b.     Petitioners' Notice of Deficiency

A taxpayer may challenge the existence or amount of the underlying tax liability in a collection due process hearing under sections 6320 and/or 6330 if the

[*20] taxpayer did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2) (B); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176 (2000).

In the current cases petitioners received a valid notice of deficiency for the years 1988 and 1989. They also disputed their income tax liabilities for those years in the bankruptcy court. Since petitioners received a notice of deficiency for the year 1989, they are precluded from challenging their income tax liability for the year 1989 in their collection due process proceeding at docket No. 8740-13L. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. at 609.

## Conclusion

The Court finds there is no genuine dispute of material fact. Respondent's motion for summary judgment will be granted, and respondent's collection action will be sustained for the revised amounts set forth herein. Accordingly,

Appropriate orders will be issued, and appropriate decisions will be entered.