MEMORANDUM**
Oliver W. and Edna D. Wilson, husband and wife, appeal pro se the tax court’s judgment upholding federal income tax deficiencies for 1992 and 1993. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We affirm.
The tax court properly determined that it had jurisdiction over the parties and subject matter in this case. See 26 U.S.C. §§ 6213, 6214 & 7442; see also Freytag v. Comm’r, 110 T.C. 35, 40-41, 1998 WL 44076 (1998). The record does not support petitioners’ contention that their federal income tax liability was discharged in any of their bankruptcy proceedings. See 11 U.S.C. §§ 507(a)(8)(A)(iii) & 523.
The tax court did not clearly err in finding that petitioners were not involved in the trade or business of operating a restaurant or nightclub between 1990 and 1993. See Comm’r v. Groetzinger, 480 U.S. 23, 27-35, 107 S.Ct. 980, 94 L.Ed.2d 25 (1987) (describing criteria considered in determining whether a taxpayer is engaged in a trade or business); Sacks v. Comm’r, 69 F.3d 982, 986 (9th Cir.1995) (underlying factual determinations reviewed for clear error).
Accordingly, the tax court properly disallowed deductions for trade or business expenses relating to the operation of a restaurant or nightclub for those years. See 26 U.S.C. § 162(a) (permitting deduction for all ordinary and necessary expenses incurred in carrying on any trade or business) (emphasis added); 26 U.S.C. § 195(a) (precluding deductions for business start-up expenditures). Likewise, the tax court properly disallowed net operating loss deductions carried forward from 1990 and 1991 because they were start-up costs. See 26 U.S.C. §§ 172 & 263A (requiring capitalization of direct and indirect costs of developing real property for use in a trade or business).
We have not considered any new issues raised by petitioners in their reply brief. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990).
We have considered petitioners’ remaining contentions and conclude that they lack merit.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.