**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-13


UNITED STATES TAX COURT


JANE E. ZDUNEK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27966-10S.                    Filed February 20, 2013.


Jane E. Zdunek, pro se.

<u>Robert J. Braxton</u>, for respondent.


SUMMARY OPINION


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2007 Federal income tax of $16,051 and an accuracy-related penalty under section 6662(a) of $3,210.[2]  The deficiency derives from respondent's disallowance of a $47,477 mortgage interest deduction claimed by petitioner as an itemized deduction.

After concessions by the parties (discussed below), the issues remaining for decision are:  (1) Whether petitioner may make a postpetition election to file a joint return with her husband; (2) whether respondent bears the burden of proof with respect to his deficiency determination; and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

Background

Some of the facts have been stipulated, and they are so found.  We incorporate by reference the parties' stipulation of facts and accompanying

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  All dollar amounts are rounded to the nearest whole dollar.

exhibits. Petitioner resided in the Commonwealth of Virginia when the petition was filed.

Petitioner, who holds a bachelor of science degree in accounting, was employed by the Internal Revenue Service (IRS) for 15 years. At the IRS petitioner worked as a revenue agent for seven to eight years until she was transferred to the National Office Training Division, where she assisted in developing training programs for revenue agents and tax auditors. Petitioner left employment with the IRS in 1988.

Petitioner is a certified public accountant (C.P.A.) and has prepared tax returns for compensation since 1988. Petitioner attends continuing professional education (CPE) classes on tax law each year and took such classes in 2007. Petitioner has attended at least one CPE class that covered the mortgage interest deduction.

In 2007 petitioner was employed full time as a financial controller for a construction company in Frederick, Maryland, but also prepared 20 to 25 individual income tax returns for compensation.

Petitioner prepared and filed a 2007 Federal income tax return listing her filing status as married filing separately. Attached to that return was a Schedule A, Itemized Deductions, on which petitioner claimed a $47,477 mortgage interest

deduction related to a residence in Virginia and a second residence in West Virginia.

In a notice of deficiency respondent disallowed the $47,477 mortgage interest deduction. A Form 886-A, Explanation of Items, attached to the notice of deficiency states: "Since * * * [petitioner] did not establish that the amount shown was (a) interest expense, and (b) paid, the amount is not deductible."

In December 2010 petitioner filed a petition for redetermination with this Court stating, inter alia: "I disagree with the disallowance in full of mortgage interest claimed on Schedule A, as this interest was paid on mortgages secured by a principal and a second residence, and did not exceed the limits for acquisition and home equity indebtedness." An attachment to the petition states: "[T]he acquisition indebtedness on both the West Virginia and the Virginia homes is below the overall limitation."

No later than April 20, 2011, petitioner spoke with respondent's Appeals Office regarding the possibility of settlement and was informed that the mortgage interest deduction she claimed exceeded the limitations for a married-filing-separate return.

On August 29, 2012, petitioner's case was tried to the Court.

## Discussion

### I. Mortgage Interest Deduction

Pursuant to section 163(h), and as relevant herein, married individuals filing separate returns may not deduct interest paid on acquisition indebtedness and home equity indebtedness (as defined in section 163(h)) to the extent that the indebtedness is in excess of the limitations provided by section 163(h)(3)(B)(ii) and (C)(ii). Specifically, section 163(h)(3)(B)(ii) provides that "[t]he aggregate amount treated as acquisition indebtedness for any period shall not exceed $1,000,000 ($500,000 in the case of a married individual filing a separate return)." Section 163(h)(3)(C)(ii) provides that "[t]he aggregate amount treated as home equity indebtedness for any period shall not exceed $100,000 ($50,000 in the case of a separate return by a married individual)."

In addition, married individuals filing separate returns are generally limited to claiming one residence for purposes of the mortgage interest deduction unless they obtain written consent from their spouse to claim another residence. See sec. 163(h)(4)(A)(ii)(II).

For convenience, we shall refer to these limitations collectively as the MFS limitations.

Petitioner candidly testified that she did not apply the MFS limitations when she claimed the $47,477 mortgage interest deduction on her 2007 married-filing-separate tax return. Respondent concedes that petitioner is entitled to a mortgage interest deduction, albeit in a lesser amount than she originally claimed. Specifically, the parties now agree that petitioner is entitled to a mortgage interest deduction of $29,494 with respect to her 2007 married-filing-separate return.

A. Postpetition Change of Filing Status

Despite the parties' aforementioned agreement, petitioner wishes to change her filing status from married filing separately to married filing jointly so that she and her husband may claim a greater overall mortgage interest deduction. In this regard, however, section 6013(b)(2)(B) precludes the filing of a joint return after a taxpayer files a separate return if the taxpayer files a timely petition with this Court in respect of a notice of deficiency for the year for which the notice is issued. Respondent issued a notice of deficiency for 2007, and petitioner filed a petition with this Court in respect of that taxable year. Accordingly, petitioner is now precluded from filing a joint return for 2007. See sec. 6013(b)(2)(B).

Notwithstanding the bar of section 6013(b)(2)(B), petitioner contends that she should be permitted to change her filing status to married filing jointly for 2007 because she was not informed of the MFS limitations by respondent until after she

filed her petition with the Court. According to petitioner, if she had known of the MFS limitations before filing her petition with the Court, then she would have filed an amended return electing joint filing status, avoiding litigation.

Petitioner cites no authority for her argument. Instead, petitioner frames her argument in the context of cases in which we have found that there has been surprise and substantial disadvantage to a taxpayer in the presentation of the taxpayer's case at trial because of how the notice of deficiency and pleadings were drafted compared to the issues raised at trial. See, e.g., Estate of Horvath v. Commissioner, 59 T.C. 551, 555 (1973) ("[O]nce surprise and substantial detriment are found, the theory, whether a new reason or new issue, need not be heard by this Court.").

In addition, although petitioner does not expressly argue that respondent's position is a "new matter" requiring respondent to bear the burden of proof, see Rule 142(a), we shall consider such a contention in view of her pro se status and the fact that she implicitly so contends, cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (Documents filed pro se are to be liberally construed.); Wilson v. Commissioner, T.C. Memo. 2002-61, 2002 WL 341045, at *11, aff'd, 71 Fed. Appx. 623 (9th Cir. 2003).

B.  Surprise and Substantial Disadvantage

We acknowledged at the outset of trial, as we do again here, that respondent's wording on Form 886-A may not be a model of clarity.  However, on the basis of the pleadings and the record before us, we conclude that there was no surprise or substantial disadvantage to petitioner in the presentation of her case at trial, and we are satisfied that the MFS limitations issue is properly before this Court.[3]  We discuss below the most relevant reasons that inform our decision.

First, petitioner alleged in her petition that the "mortgage interest claimed on Schedule A * * * was paid on mortgages secured by a principal and a second residence, and did not exceed the limits for acquisition and home equity indebtedness."  Moreover, an attachment to the petition states:  "[T]he acquisition indebtedness on both the West Virginia and the Virginia homes is below the overall limitation."  Respondent denied this allegation in his answer to the

---

[3]  Although petitioner does not invoke the doctrine of estoppel, we note that the essential elements of such doctrine are not present in this case; thus, for example, there is no indication that respondent made a false or misleading representation.  See Estate of Emerson v. Commissioner, 67 T.C. 612, 617-620 (1977) (outlining the elements of estoppel and acknowledging that estoppel should be applied against the Commissioner "with the utmost caution and restraint."); see also Purcell v. United States, 1 F.3d 932 (9th Cir. 1993) (holding that estoppel does not apply unless the aggrieved party demonstrates affirmative misconduct).

petition. Thus, the MFS limitations issue was raised by the parties in their pleadings.

Second, petitioner candidly admitted at trial that she was informed of respondent's position, at the latest, when she spoke with respondent's Appeals Office at least 16 months before trial. Moreover, we are confident that, at the time petitioner filed her petition, she was generally aware of the acquisition and home equity indebtedness limitations provided by section 163(h) because she references those limitations in her petition.

Finally, petitioner's argument focuses exclusively on surprise and substantial disadvantage as it relates to the examination of her 2007 tax return and the subsequent issuance of the notice of deficiency, not the presentation of her case at trial. Indeed, petitioner provides nothing to suggest that she suffered any prejudice in terms of presenting her case to the Court at trial. Consequently, petitioner's situation is readily distinguishable from cases dealing with surprise and substantial disadvantage. See, e.g., Estate of Horvath v. Commissioner, 59 T.C. 551 (where a taxpayer first learned of the Commissioner's new position at trial).

Therefore, we shall consider respondent's position regarding petitioner's 2007 married filing separate return.

C.  Burden of Proof

We have held that the Commissioner's "determination may be affirmed for reasons other than those assigned in his notice of deficiency."  Estate of Horvath v. Commissioner, 59 T.C. at 555.  However, the Commissioner bears the burden of proof with respect to new matters.  Rule 142(a).  "[A] new position taken by respondent is not necessarily a 'new matter,' especially when it merely clarifies or develops the original determination without being inconsistent or increasing the amount of deficiency."  Estate of Jayne v. Commissioner, 61 T.C. 744, 748 (1974) (citing McSpadden v. Commissioner, 50 T.C. 478 (1969)).

Respondent asserts that his MFS limitations argument is covered by the notice of deficiency, that it is not a new matter because it merely clarifies or develops the original determination, that it is not inconsistent with such determination, and that it does not increase the amount of the deficiency.  Respondent also contends that his position does not require petitioner to present different facts at trial because the facts needed to determine petitioner's mortgage interest deduction have been fully stipulated.

Because the pleadings and stipulated facts are sufficient to decide the substantive issue in this case regardless of which party bears the burden of proof and because we conclude that there was no surprise or substantial disadvantage to

petitioner in the presentation of her case at trial, we decide this case without regard to the burden of proof. See, e.g., Wilson v. Commissioner, 2002 WL 341045, at *13.

### D. Conclusion

In view of the foregoing, we conclude that petitioner is entitled to a mortgage interest deduction of $29,494 for 2007, as agreed by the parties on a married-filing-separate return.

## II. Accuracy-Related Penalty

Section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). The Commissioner bears the burden of production, sec. 7491(c), but, if satisfied, the taxpayer bears the ultimate burden of persuasion, Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Although petitioner elected married-filing-separate status when she prepared her return, she failed to apply the MFS limitations provided in section 163(h). Petitioner did not consult a tax adviser and testified that she did not

research the applicable law at the time that she prepared her return because she "felt that [she] had a clear understanding of what it was." Furthermore, petitioner testified that she did not review the worksheet published by the Commissioner as an aid in computing the proper mortgage interest deduction on a taxpayer's married-filing-separate return. Rather, petitioner testified that she simply "figured it out". On the basis of the record before us, and particularly in view of petitioner's education and experience as a tax professional, we hold that respondent has met his burden of production.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances indicating that a taxpayer acted with "reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Sec. 1.6664-4(b)(1), Income Tax Regs.

Generally, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Id.

Although the record might support a finding of good faith on petitioner's part, the standard we are obliged to apply also requires the existence of reasonable cause. See sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. Petitioner, a former IRS revenue agent, has prepared tax returns for compensation since 1988. At all times relevant, petitioner maintained a C.P.A. license and regularly attended CPE classes on tax law, including at least one course on the mortgage interest deduction. In 2007 petitioner prepared tax returns for 20 to 25 individuals. Despite her substantial experience, knowledge, and education, petitioner did not research the applicable law with respect to the MFS limitations when she prepared her 2007 return. In light of all the facts and circumstances, we hold that petitioner has not met her burden of persuasion with respect to reasonable cause. Accordingly, petitioner is liable for the accuracy-related penalty under section 6662(a) on the amount of the underpayment of tax to be computed as part of the Rule 155 process.[4]

---

[4] We note that our holding herein makes it unnecessary to consider respondent's alternative theory that petitioner is liable for the accuracy-related penalty under sec. 6662(a) because of a substantial understatement of income tax. See sec. 6662(b).

## Conclusion

We have considered all of the arguments advanced by petitioner, and, to the extent not expressly addressed, we conclude that those arguments do not support a result contrary to our decision herein.

To give effect to our disposition of the disputed issues, as well as the parties' stipulation regarding the allowable amount (i.e., $29,494) of petitioner's mortgage interest deduction on her 2007 married-filing-separate return,

Decision will be entered

under Rule 155.
